■ NEW YORK SEVEN-UP BOTTLING COMPANY, INC., Respondent, v DOW CHEMICAL COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.) — In an action, *inter alia,* to recover damages, based upon strict products liability and fraud, defendant Dow Chemical Company appeals from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated March 11, 1982, as denied its motion for summary judgment dismissing the complaint as to it. Order reversed insofar as appealed from, on the law, with costs, motion granted, and complaint dismissed as against defendant Dow Chemical Company. This action was brought to recover damages allegedly flowing from the defective nature of styrofoam insulation manufactured by

Dow Chemical Company (hereinafter Dow). Plaintiff built a bottling plant in New Rochelle in 1966 and 1967. The "built-up" roof of the plant was insulated with styrofoam manufactured and marketed by Dow for that purpose. In the spring of 1968, the roof began to leak. By the summer of 1972, the leaks had progressively worsened to the point that the roof was leaking "like a sieve". Plaintiff attempted to repair the roof at that time, but its efforts were unsuccessful. Plaintiff's repairmen determined that the leaks were caused by splits in the roofing membrane. In 1973, the repairman discovered new splits in the membrane and began to suspect that instability of the styrofoam in the face of changing weather conditions was the source of the problem. Tests were performed in 1974 which allegedly verified their suspicions. The roof continued to leak until 1981, when it was replaced, and the record indicates that the roof membrane continued to split until that time. This action was commenced by service of a summons on defendants Dow, Abbott Roofing and Sheet Metal Works, Inc., and United Pacific Insurance Corporation on April 20, 1976, and on defendants E. W. Howell Co. and Lloyd A. Fry Roofing Company on April 21, 1976. In its complaint, plaintiff alleged, in a cause of action sounding in strict products liability, that Dow defectively designed the styrofoam insulation. Plaintiff also alleged, in a cause of action sounding in fraud, that Dow fraudulently represented that styrofoam was suitable material for insulation when Dow knew that, in fact, styrofoam was not fit for the use it recommended. Dow moved for summary judgment on the ground that the action was barred by the respective Statutes of Limitation governing actions to recover damages based upon strict products liability and fraud. The Supreme Court denied the motion, finding that there were factual issues which precluded summary judgment. Referring to plaintiff's claim that each time the roof membrane cracked, a new cause of action accrued, the court stated that if a trial court were to accept this contention, the action would certainly be timely. With respect to the alleged defect in the papers initially filed by Dow, we note that a reply affidavit was subsequently filed, thereby curing any defect. Plaintiff contends here, as it did in the Supreme Court, that each time the roof membrane cracked a new cause of action accrued. We disagree, and grant Dow's motion for summary judgment. The applicable Statute of Limitations in a strict products liability action is the three-year period found in CPLR 214 (subds 4, 5) which begins to run at the time of injury (*Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). The record in the instant case shows that if the styrofoam insulation in fact caused splits in the roof membrane, it first did so no later than 1972. At that point, plaintiff's cause of action against Dow accrued (see *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 74 AD2d 679, 681; *Cubito v Kreisberg,* 69 AD2d 738). The subsequent cracks in the roof membrane did not give rise to new causes of action. Plaintiff has not alleged a continuing tort or torts (see *Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102; *Hanrihan v Parker,* 19 Misc 2d 467, 469; *Hagan Corp. v Medical Soc.,* 198 Misc 207, 209, affd 279 App Div 1058). Here, there was one tortious act complained of, namely, the marketing of an allegedly defective product. The cause of action accrued when the product first injured plaintiff, and the accrual date does not change as a result of continuing consequential damages (see *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 300-301; *Piracci Constr. Co. v Skidmore, Owings & Merrill,* 490 F Supp 314, 321, affd 646 F2d 562; see, also, *Friends Univ. v Grace & Co.,* 227 Kan 559; 54 CJS, Limitations of Actions, § 169). Hence, the Statute of Limitations ran in 1975, and plaintiff's cause of action in strict products liability is time barred. Since we find that plaintiff's strict products liability action is time barred, its cause of action sounding in fraud must likewise be dismissed (see *Western Elec. Co. v Brenner,* 41 NY2d 291; *Brick v Cohn-Hall-Marx Co.,* 276 NY 259). The six-year fraud

Statute of Limitations (CPLR 213, subd 8) is only applicable when there would be no injury but for the fraud (*Glover v National Bank of Commerce,* 156 App Div 247, 256). Where the allegations of fraud are only incidental to another cause of action, the fraud Statute of Limitations cannot be invoked (*Brick v Cohn-Hall-Marx Co., supra*). Here, the genesis of plaintiff's claim is that it was injured by a defective product. It cannot, by adding an allegation of *scienter,* invoke the longer period of limitations. Since Dow's alleged fraud consisted of representations made while marketing the styrofoam at the time plaintiff's plant was being constructed, such allegations are only incidental to plaintiff's cause of action sounding in products liability. Thus, plaintiff's claims are time barred. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.