■ MARION K. QUINN, Individually and as Executrix of JAMES R. QUINN, Deceased, Appellant, v HOOVER & STRONG, INC., et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: On appeal from Special Term's grant of summary judgment dismissing the complaint, plaintiff concedes that causes of action one through five, including negligence and strict products liability causes of action, are time barred but urges that the sixth cause of action, based on fraud, survives. Plaintiff, suing as executrix of the

estate of James Quinn, alleges that defendants used radioactive gold in enlarging a ring for Quinn in 1946 and that in 1977 Quinn discovered that the ring was radioactive and that it had caused a cancerous condition of his finger. Ultimately the cancer caused his death. The action was commenced in 1981. In the sixth cause of action plaintiff alleges that defendants "failed to cease, desist or otherwise refrain from the use of such dangerous and deleterious radioactive substances which amounted to a fraud and deceit by the defendants" and that defendants "failed to inform, advise, or otherwise warn [Quinn] * * * of the dangers associated therewith." We affirm. The fraud cause of action is merely another aspect of the negligence and strict products liability causes of action (see *Brick v Cohn-Hall-Marx Co.*, 276 NY 259; *Schmidt v Merchants Desp. Transp. Co.*, 270 NY 287). This case is distinguishable from *Angie v Johns Manville Corp.* (94 AD2d 939, 940) where we found that "[t]he separate cause of action based on * * * continued purchase and use of the product resulting from the misrepresentations and fraudulent concealment is distinct from the conduct of defendants in manufacturing and marketing the product which forms the basis of the causes of action in negligence and products liability" (citing *Simcuski v Saeli*, 44 NY2d 442, 452). Here no separate and distinct fraudulent conduct is alleged. The alleged fraudulent acts — the initial use of the gold in the ring and concurrent failure to disclose its dangerous properties — are the same acts underlying the negligence and strict products liability causes of action. Even if we were to hold that plaintiff's sixth cause of action alleges fraudulent acts separable from the alleged negligence and products liability, it would be barred by the Statute of Limitations (CPLR 203, subd [f]; 213, subd 8). Plaintiff has failed to come forth with any evidentiary facts showing that the decedent did not discover or could not reasonably have discovered the fraud in 1977 when the facts pertaining to the radioactivity of the ring and its causal connection with his disease were known. The alleged fraudulent acts were committed in 1946, and the six-year limitations period has long expired (CPLR 213, subd 8); the facts were discovered in 1977, and the two-year period computed from such discovery expired in 1979 (CPLR 203, subd [f]). (Appeal from order of Supreme Court, Erie County, Green, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.