857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DOMINION PHARMACAL, INC., Plaintiff-Appellant,
v.
NOXELL CORPORATION, Defendant-Appellee.
 No. 86-1132.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1988.
Decided: Sept. 6, 1988.
 
 Jerome Elliott Michaelson, for appellant.
 Michael Cranston Warlow (C. Gordon Haines, Christopher J. Russo, Jr., on brief), for appellee.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Dominion Pharmacal, Inc. (Dominion), brought a diversity action against Noxell Corporation (Noxell) alleging that Noxell improperly marketed an acne skin cleanser that incorporated a trade secret of Dominion. The trade secret was the use of an allantoin salt in the preparation. The district court granted defendant's motion for summary judgment on the ground that plaintiff's claims were barred by the applicable statutes of limitation. The court had earlier ruled that New York statutes of limitation applied. Neither party appeals the choice of law determination.
 
 
 2
 According to the complaint, Dominion developed and tested the cleanser containing aluminum chlorhydroxy allantoinate in 1975. Late in March 1976, Dominion placed an advertisement in the Wall Street Journal seeking offers for the company's purchase. Noxell responded by letter and sought information. The letter included the statement "Any and all information that you can provide will be appreciated and held in strict confidence." Dominion sent Noxell information regarding the company and its newly developed skin cleanser. The inclusion of the allantoin salt ingredient was disclosed.
 
 
 3
 Approximately one year later, in March, 1977, Dominion began marketing its medicated skin cleanser under the name "About Face!" The new product's label did not disclose the allantoin salt ingredient. On March 16, 1977, Dominion sent Noxell a product brochure containing information on About Face! On April 6, 1977, Noxell contacted Dominion to thank it for the information and to notify Dominion that Noxell was no longer interested in purchasing the company. Subsequently, Noxell began marketing "Noxema Antiseptic Skin Cleanser." Noxema Skin Cleanser contained and listed as an ingredient aluminum chlorhydroxy allantoinate (under the trade name A.S. Alcloxa).
 
 
 4
 Dominion's complaint sounded in three counts: breach of trust/fiduciary duty, fraud and deceit, and conversion. Dominion has abandoned the conversion claim. Dominion's complaint thereby suggests three types of asserted injury, two tort and one contract. The tort injuries are: (1) injury to property by misappropriation of a trade secret and (2) fraud. The contract injury is breach of a promise of confidentiality.
 
 
 5
 The tort claims are time barred. Under New York law, an action to recover damages for an injury to property must be commenced within three years. N.Y.Civ.Prac.L. & R. Sec. 214(4). Dominion concedes that the misappropriation claim is time barred unless they have alleged a continuing misappropriation. They have not. Noxell, if it misappropriated a trade secret, did so in September 1977, when it introduced a product containing Dominion's trade secret. The misappropriation was then complete. The disclosure was full-blown. The doctrine of continuing misappropriation is limited to cases in which a defendant interferes with a trade secret without destroying the secret's value. Lemelson v. Carolina Enterprises, 541 F.Supp. 645, 658-60 (S.D.N.Y.1982). In the present case, Dominion's secret was to use a certain ingredient in a skin cleanser and Noxell revealed the use of that ingredient when it put its product on the market. The complaint was filed in October 1982, over five years after the misappropriation. Any injury to property claim is thereby time barred.
 
 
 6
 The other claimed tort is fraud. Dominion claims that Noxell made a promise of confidentiality and never intended to keep that promise. An action for fraud will lie under New York law when a promise is false when made. Tribune Printing Co. v. 263 Ninth Avenue Realty, Inc., 57 N.Y.2d 1038, 444 N.E.2d 35, 457 N.Y.S.2d 785 (1982). New York generally provides for a six year statute of limitations for fraud actions. N.Y.Civ.Prac.L. & R. Sec. 213(8). However, there is an exception, present in the case at bar. "Where the allegations of fraud are only incidental to another cause of action, the fraud statute of limitations cannot be invoked." New York Seven-Up Bottling Co. v. Dow Chemical Co., 466 N.Y.S.2d 478, 480 (1983).
 
 
 7
 Dominion's third claimed injury is from breach of contract. Before the district court, it seemed to argue for a contract implied in law. The district court declined to imply a contract. On appeal, Dominion adds the argument that it had an express contract with Noxell. Noxell argues that we should not pass on the new argument since it was not presented to the district court. We will because the contention was essentially before the district court. The court was invited to imply a contract and did not, one of the ways it could have "implied" a contract was to find an express one. Noxell's written offer was in the record.
 
 
 8
 A consideration of an argument whether there was an express contract leads to a finding that there indeed was one. Noxell's Director of Corporate Development wrote:
 
 
 9
 I am writing in response to your advertisement which appeared in the Eastern Edition of the Wall Street Journal of March 30, 1976.
 
 
 10
 Any and all information that you can provide will be appreciated and held in strict confidence.
 
 
 11
 Noxell's letter was an offer for a unilateral contract. Noxell wanted Dominion to send information, Noxell promised to keep it in confidence. Dominion accepted the offer for a unilateral contract in the only manner that such an offer can be accepted, by performance. Noxell has, according to the facts pleaded in the complaint, breached that express promise of confidentiality. The breach occurred in September 1977, suit was brought in October 1982. New York law provides that an action upon a contractual obligation or liability express or implied must be commenced within six years. N.Y.Civ.Prac.L. & R. Sec. 213(2). Dominion's contract action is timely. The grant of the motion for summary judgment with respect to plaintiff's contract claim is reversed.
 
 
 12
 REVERSED AND REMANDED.