■ JOSEPH COTTONARO et al., Appellants-Respondents, v SOUTHTOWNS INDUSTRIES, INC., Doing Business as SOUTHTOWNS INSULATION Co., Respondent-Appellant, et al., Defendants. (Appeal No. 1.) [625 NYS2d 773] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motion of Southtowns Industries, Inc. (defendant) for summary judgment dismissing plaintiffs' second, fourth, fifth, sixth and eighth causes of action because plaintiffs failed to commence this action within the applicable Statute of Limitations *(see,* CPLR 203 [a]; 214 [4]; *but see,* CPLR 214-c). Plaintiffs sought to recover damages for the diminution in value of their respective properties, allegedly resulting from the emission of formaldehyde vapors from urea-formaldehyde foam insulation installed by defendant in 1977. Damages from the diminished market value of real property as a result of public fear of exposure to a potential health hazard constitute consequential damages *(see, Criscuola v Power Auth.,* 81 NY2d 649). The relevant claim accrual date for Statute of Limitations' purposes "does not change merely because continuing consequential damages are alleged" *(Quinn v County of Nassau,* 162 AD2d 514).

The court also properly granted summary judgment dismissing the "cancerphobia" causes of action because plaintiffs failed to present any evidence of actual exposure to a disease-causing agent and a likelihood of contracting the disease as a result of the exposure *(see, Doner v Adams Contr.,* 208 AD2d 1072).

The court properly refused to dismiss the causes of action sounding in breach of warranty because the record demonstrates that there are material questions of fact whether a written and/or oral warranty was extended by defendant, when the alleged breach was discovered, and whether notice of the breach was given to defendant within a reasonable time of the discovery *(see,* UCC 2-607 [3] [a]; *Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398).

The court erred, however, in refusing to dismiss the ninth cause of action of plaintiffs Cottonaros and Ingrahams, alleging fraud. Where allegations of fraud are only incidental to another cause of action, the fraud Statute of Limitations cannot be invoked *(see, Doe v Roe,* 192 AD2d 1089, 1090). Indeed, where, as here, the alleged fraudulent acts are the same acts underlying the negligence and strict products liability causes of action, there is no distinct cause of action for fraud *(see, Quinn v Hoover & Strong,* 96 AD2d 1145, 1146). Thus, the fraud cause of action was "merely another aspect of the negligence and strict products liability causes of action" *(Quinn v Hoover & Strong, supra,* at 1146; *see also, New York Seven-Up Bottling Co. v Dow Chem. Co.,* 96 AD2d 1051) and should have been dismissed. (Appeals from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Fallon, Balio and Boehm, JJ.