■ ROBERTA S. HALLIDAY, Individually and as Administrator of the Estate of JAMES HALLIDAY, Deceased, et al., Appellants, v NORTON COMPANY et al., Respondents, et al., Defendants.

(Action No. 1.)[1] ROBERTA S. HALLIDAY, Individually and as Administrator of the Estate of JAMES HALLIDAY, Deceased, et al., Appellants, v TOWN OF HALFMOON, Respondent. (Action No. 2.) [696 NYS2d 549] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered May 11, 1998 in Saratoga County, which granted motions by defendants General Electric Company, Cohoes Memorial Corporation and Town of Halfmoon for summary judgment dismissing the complaint in action Nos. 1 and 2, and (2) from an order of said court, entered November 12, 1998 in Saratoga County, which, *inter alia*, granted motions by defendants Norton Company, Norton International, Inc. and Allied Signal, Inc. for summary judgment dismissing the complaint in action No. 1.

Plaintiffs, residents of the Town of Halfmoon in Saratoga County, commenced action No. 2 in 1993 against the Town and Norton Company, Norton International, Inc. (hereinafter jointly referred to as Norton), General Electric Company (hereinafter GE), Cohoes Memorial Corporation (hereinafter Cohoes Hospital) and Allied Signal, Inc. claiming personal injuries and property damage as a result of alleged contamination from the disposal in the 1960s of toxic and hazardous waste in a landfill located in close proximity to plaintiffs' homes. This Court previously dismissed the action with respect to all defendants, with the exception of the Town, based upon a jurisdictional defect (235 AD2d 709). In 1995, plaintiffs recommenced the claim against these defendants (action No. 1) and, thereafter, GE served plaintiffs with various discovery demands including interrogatories requesting specific information as to plaintiffs' allegations regarding the deposit of toxic waste at the landfill, the migration of waste from the landfill, the contamination of plaintiffs' property and how the contamination caused the alleged injuries suffered by plaintiffs. Plaintiffs failed to respond to the demands, prompting GE to move pursuant to CPLR 3124 and 3126 for an order of preclusion. Supreme Court issued a conditional order of preclusion pursuant to CPLR 3126 (2), to which plaintiffs consented, barring plaintiffs from offering any evidence encompassed by the discovery demands that was not provided within 60 days of the order.

Following plaintiffs' compliance with the preclusion order, GE moved and Cohoes Hospital cross-moved in action No. 1 for summary judgment pursuant to CPLR 3212 dismissing the

---

1. Despite the fact that action No. 2 was commenced before action No. 1, once joined these actions appear to have been labeled in the opposite order by the parties and by Supreme Court.

complaint; the Town moved for summary judgment in action No. 2. Supreme Court granted the motions and dismissed the complaint in action No. 1 against GE and Cohoes Hospital and the complaint in action No. 2 against the Town. Thereafter, Norton and Allied sought summary judgment in action No. 1 dismissing the complaint, which was granted by Supreme Court. Plaintiffs now appeal Supreme Court's orders in action Nos. 1 and 2.[2]

"It is axiomatic that once a movant for summary judgment makes a '*prima facie* showing of entitlement to judgment as a matter of law', the nonmoving party must submit admissible evidence demonstrating a triable issue of fact" (*Iwaszkiewicz v Callanan Indus.*, 258 AD2d 776, 777, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see, Zuckerman v City of New York*, 49 NY2d 557; *Cheeseman v Inserra Supermarkets*, 174 AD2d 956, 958). Here, in support of its motion for summary judgment, defendants submitted evidence that the Department of Environmental Conservation had engaged in a study of the landfill and tested the soil and wells of adjacent homeowners, and had concluded that there was no contamination of the water or soil and no significant levels of toxic materials were discovered. These findings were supported by a separate study undertaken by the Department of Health. Based on our review of the record, plaintiffs failed to adequately rebut defendants' prima facie showing of entitlement to summary judgment, offering no evidence or expert testimony disputing the findings of no contamination. Similarly, their discovery responses, provided four years after the commencement of the initial lawsuit, did not set forth admissible evidence sufficient to defeat the motions.

Plaintiffs' further contention that the defendants other than GE are not entitled to summary judgment because they neither made discovery demands nor moved for preclusion is unavailing. These defendants also proffered a prima facie showing of entitlement to summary judgment and plaintiffs' submissions in opposition to the motions were devoid of adequate evidence in admissible form to counter defendants' proof. Accordingly, inasmuch as plaintiffs failed to raise a question of fact with respect to contamination, Supreme Court properly granted summary judgment to defendants (*see, Prato v Vigliotta*, 253 AD2d 749, 750; *State of New York v Tarrytown Corporate Ctr., II*, 208 AD2d 1009, 1010-1011; *Kulpa v Stewart's Ice Cream*, 144 AD2d 205, 206-207).

To the extent that plaintiffs' opposition to the motions can be

---

**2.** By order of this Court, the appeals were consolidated.

construed as contending that they have not had an opportunity to obtain the necessary evidence and expert testimony, we find that they have insufficiently demonstrated how further discovery might reveal the existence of relevant evidence (*see, Landes v Sullivan*, 235 AD2d 657, 658). Additionally, plaintiffs had ample opportunity to procure evidence and there is no indication that they were prevented from obtaining discovery during the four years prior to the summary judgment motions (*see, Meath v Mishrick*, 68 NY2d 992, 994-995; *Fine Arts Enters. v Levy*, 149 AD2d 795, 796). Moreover, GE's motion to preclude, consented to by plaintiffs, required that discovery responses be submitted within the time period established by Supreme Court.

Lastly, we reject plaintiffs' assertion that even if defendants were properly granted summary judgment dismissing those causes of action requiring evidence of exposure or trespass, their claims seeking damages for diminution in property values arising from a "stigma" (*see, e.g., Putnam v State of New York*, 223 AD2d 872) were dismissed in error. Again, plaintiffs failed to adequately rebut defendants' proof establishing that there was no contamination in plaintiffs' soil or water wells, or in the surrounding neighborhood. Any alleged consequential damages emanating, in part, from the adverse publicity associated with the landfill (*see, Cottonaro v Southtowns Indus.*, 213 AD2d 993, *lv dismissed* 86 NY2d 886) were, therefore, not proven to have arisen from the migration of toxins or from defendants' actions (*see generally, Chenango, Inc. v County of Chenango*, 256 AD2d 793).

Cardona, P. J., Crew III and Mugglin, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.