**Reuvan TENAMEE, Plaintiff,**

v.

**Martin SCHMUKLER,
et al., Defendants.**

**No. 05 CIV.7661.**

United States District Court,
S.D. New York.

July 13, 2006.

Reuven Tenamee, Reuvan & Eyal Tenamee, Brooklyn, NY, pro se.

Martin L. Schmukler, Gould Reimer Walsh Goffin & Cohn, New York, NY, pro se.

Frederick Harvey Cohn, Naness, Chaiet & Naness, LLC, Jericho, NY, Martin D. Novar, New York, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

*Pro se* plaintiff Reuvan Tenamee ("Tenamee") commenced this action, naming as defendants Martin L. Schmukler individually and the Law Firm of Martin L. Schmukler, P.C. (collectively "Schmukler"), Ruthi Tenamee, a/k/a/ Ruthi R. Nass ("Nass") and Nava Tenamee a/k/a Nava Izak ("Izak"). His complaint contains allegations of fraud, negligent misrepresentation and legal malpractice, as well as civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.

Schmukler[1] moved to dismiss the complaint on the grounds that: the fraud and malpractice claims are barred by the applicable statutes of limitations; this Court lacks subject matter jurisdiction because diversity of citizenship is not established as between Tenamee and Nass and Izak; the RICO claim fails to state a cause of action with sufficient specificity to satisfy the requirements of Fed.R.Civ.P. 9(b) and does not satisfy the substantive elements of the RICO statute. For the reasons discussed below, the motion is granted.

## I. BACKGROUND[2]

### 1. FACTS AND PROCEDURAL HISTORY

Tenamee states that Nass and Izak, who are his sisters, allegedly represented by and under the guidance of Schmukler, testified falsely against Tenamee before a New York State grand jury proceeding in 1987 and again in 1990, at the criminal trial of Nass on drug charges in a federal court in Maryland. As a result of these accusations, Tenamee claims he was indicted and arrested on federal drug distribution and conspiracy charges in 1990, while he was in Brazil. According to Tenamee, Schmukler represented him during discussions with government agents at that time regarding his extradition to the United States, but did not disclose his prior representation of Nass and Izak at the proceedings where the alleged false testimony was given by them under Schmukler's direction.

In 2000, Tenamee was arrested in the Netherlands as a fugitive under a warrant from the Drug Enforcement Administration. While in the Netherlands, he was interviewed by federal agents in a proffer session allegedly arranged by Schmukler. He was returned to the United States in 2001 to face the charges against him pending in the federal district court of Maryland. Tenamee pleaded guilty in February 2001 to one count of distribution of drugs, pursuant to a plea agreement that he asserts was arranged by Schmukler. Tenamee alleges that Schmukler told him that under the plea agreement he would be sentenced to only 18 months in prison. In March of 2002, Tenamee was sentenced to 70 months of incarceration, rather than the 18 months he claims Schmukler represented to him he would receive. Tenamee alleges that on this occasion as well he was not aware of Schmukler's prior representation of Nass and Izak, nor their false accusations against Tenamee that prompted his arrest.

Schmukler argues that the complaint must be dismissed on jurisdictional grounds because it fails to establish complete diversity of citizenship insofar as it contains no allegations regarding the residences of Nass and Izak. As regards the statute of limitations, Schmukler points out the three-year period applicable to the legal malpractice claim and the four-years as to the RICO claim both have expired, as these claims accrued as of the date of Tenamee's guilty plea in February 2001. Finally, Schmukler contends that Tenamee's RICO claim is deficient in that if fails to sufficiently plead the course of conduct and criminal enterprise elements necessary to a RICO cause of action.

Tenamee filed a response addressing Schmukler's motion to dismiss. However, in a subsequent filing on June 5, 2006,

---

1. By separate letters, Schmukler's co-defendants, Nass and Izak, joined in Schmukler's motion to dismiss.

2. The factual summary presented herein derives from Tenamee's Complaint and supporting exhibits, *Tenamee v. Schmukler, et al.*, No. 05 CV 7661, filed on August 30, 2005 (the "Complaint").

characterizing the objections asserted by Schmukler as "minor technicalities," he moved for leave to amend his original complaint so as to cure the deficiencies described in Schmukler's motion. ("Request for Permission to Amend Complaint Pursuant to Fed. Rule Civil Proc. 15", filed June 5, 2006.) Alternatively, Tenamee requested that if dismissal is appropriate, he be granted permission to refile an amended complaint. Tenamee did not file a proposed amended complaint as provided for by Fed.R.Civ.P. 15.

The Court does not consider the grounds Schmukler asserts in support of dismissal as mere technicalities. As Tenamee himself tacitly acknowledges, the motion does point to substantial deficiencies in the *original complaint with respect to* the statute of limitations and the pleading prerequisites of RICO. These deficiencies warrant dismissal.

## II. *DISCUSSION*

### A. *STATUTE OF LIMITATIONS*

#### 1. *Malpractice*

■ Under New York law, the statute of limitations for commencing an action to recover damages for non-medical professional malpractice is three years. *See* New York Civil Practice Laws and Rules ("CPLR") § 214(6) (1996). The limitations period begins to run at the time the malpractice occurs, not when the client discovers it. *See Hoffenberg v. Hoffman & Pollok*, 288 F.Supp.2d 527, 536 (S.D.N.Y.2003) (*citing De Carlo v. Ratner*, 204 F.Supp.2d 630, 634 (S.D.N.Y.2002) and *Shumsky v.*

*Eisenstein*, 96 N.Y.2d 164, 726 N.Y.S.2d 365, 750 N.E.2d 67 (N.Y.2001)).

■ In his complaint, Tenamee alleges that Schmukler committed malpractice by advising him to sign a plea agreement on February 16, 2001. Tenamee does not claim to have had any contact with Schmukler after that date, and indeed at his sentencing he was represented by a different attorney. Thus, under CPLR § 214(6), Tenamee had only until February 16, 2004 to commence a malpractice suit. His complaint in this action was filed on August 30, 2005, more than a year and a half after the statute of limitations had run.

Nonetheless, Tenamee urges that his malpractice claim is still timely under the doctrines of equitable tolling and equitable estoppel.[3] Specifically, he asserts that he could not have brought his suit in a timely manner because he was in prison throughout the limitations period and because Schmukler fraudulently concealed his conflict of interest, which made it impossible to establish the malpractice claim before the statute had run. The Court, however, disagrees that justice requires applying equitable tolling or equitable estoppel in this case.

#### a. *Equitable Tolling*

■ Under the doctrine of equitable tolling, the statute of limitations is extended "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Johnson v. Nyack*, 86 F.3d 8, 12 (2d Cir.

---

**3.** Tenamee does not distinguish between these doctrines when making his argument. This lack of precision is understandable as the doctrines are similar—indeed, equitable estoppel is sometimes used interchangeably with the term "equitable tolling" in New York case law. Federal courts distinguish between the two. *See Abercrombie v. Andrew College,*

No. 04–CV–7717, 2006 WL 1716857, 2006 U.S. Dist. LEXIS 39671 (S.D.N.Y. June 13, 2006) (citing *Coleman & Co. Sec. Inc. v. Giaquinto Family Trust,* 236 F.Supp.2d 288, 299 (S.D.N.Y.2002)). The Court will separately analyze the applicability of either doctrine in this case.

1996) (internal citation omitted). It applies only in "rare and exceptional circumstances," where the plaintiff has acted with due diligence but some egregious conduct by defendant or a third party, or some other exceptional circumstance beyond his control makes a timely filing impossible. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (*quoting Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.1999)).

■ Tenamee has not alleged any extraordinary conditions that justify his delay in filing the malpractice claim. Although he was in prison throughout the limitations period, incarceration, in itself, does not rise to the level of the "rare and exceptional circumstances" that would move the Court to toll the statute of limitations. *Smith*, 208 F.3d at 17–18; *see also Doe v. Menefee*, 391 F.3d 147, 178–79 (2d Cir.2004).[4] Thus, equitable tolling is not applicable here.

b. *Equitable Estoppel*

■ Under New York's doctrine of equitable estoppel, a defendant can be barred from raising a statute of limitations defense if he fraudulently induces a plaintiff to refrain from filing suit in a timely manner. *See Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 167 (App. Div. 1st Dep't 2003) (*citing Simcuski v. Saeli*, 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713, 716 (1978)). The doctrine derives from the maxim that no party should benefit from its own wrong. *See Arbutina v. Bahuleyan*, 75 A.D.2d 84, 428 N.Y.S.2d 99, 100 (App. Div. 4th Dep't 1980) (*citing Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232–33, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959)).

■ Equitable estoppel can apply when a defendant either affirmatively makes a false statement that plaintiff relies upon in not filing a complaint, or deliberately conceals facts underlying a claim which he is under a duty to disclose. *Jordan v. Ford Motor Co.*, 73 A.D.2d 422, 426 N.Y.S.2d 359, 361 (App. Div. 4th Dep't 1980) (*citing Simcuski*, 406 N.Y.S.2d 259, 377 N.E.2d at 716 and *General Stencils v. Chiappa*, 18 N.Y.2d 125, 272 N.Y.S.2d 337, 219 N.E.2d 169, 170 (1966)). For example, in *Arbutina*, defendant hospital delayed delivering medical records critical to plaintiff's case for more than a year. The court held that an unreasonable delay in delivering hospital records to an attorney consulted in a suspected case of malpractice may result in defendants being estopped from later asserting the statute of limitations if

4. Tenamee also asserts that his claim should be equitably tolled because he was not able to obtain documents relating to the underlying criminal cases pertaining to him and his sisters until August of 2004 and thereafter. He argues that he diligently attempted to obtain the necessary documentation to establish the claims asserted in the instant action, and that this information was "absolutely needed to establish the facts." (Pl. Reply at 7n.3.) In support of this argument he attaches an Order from the District of Maryland denying his request for documents (dated September 2004), as well as a September 2004 letter that he sent to the Assistant United States Attorney assigned to the case, seeking certain documents and mentioning Tenamee's prior requests for certain materials. These documents are insufficient to establish Tenamee's claim for equitable tolling. Tenamee signed his plea agreement in February 2001. Even assuming that he made his initial requests for documents six months prior to the correspondence he attached to his Reply, those requests would still have been made after the February 2004 expiration of the statute of limitations. Tenamee has not demonstrated that he exercised diligence in his efforts to obtain documents prior to the expiration of the statute of limitations, nor has he made any further showing as to why his claim should tolled. *Cf. Walker v. Jastremski*, 274 F.3d 652 (2d Cir.2001) (tolling statute of limitations for prisoner where statute of limitations expired *while* prisoner was waiting for documents that were necessary to establish his claim).

the delay prevented the timely commencement of an action. *See* 428 N.Y.S.2d at 101. Even if plaintiff establishes that he was prevented from bringing a suit by defendant's fraudulent misrepresentation or concealment, he must further demonstrate that he commenced his suit within a reasonable time after the fraud has ceased to be operational. *Simcuski*, 406 N.Y.S.2d 259, 377 N.E.2d at 717.

Here, Tenamee asserts that he learned of Schmukler's concealed conflict of interest sometime after August of 2004 and that this concealment prevented Tenamee from timely filing his malpractice claim. He further claims that Schmukler had a duty as his former attorney to disclose this information and thus should be estopped from raising a statute of limitations defense. The Court, however, declines to apply equitable estoppel in this case.

New York law is clear that the same act of non-disclosure cannot underlie both the argument for estoppel and the related cause of action. *See Kaufman*, 760 N.Y.S.2d at 167 (stating that "equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying cause of action"); *Chesrow v. Galiani*, 234 A.D.2d 9, 650 N.Y.S.2d 158, 160 (App. Div 1st Dep't) (*citing Rizk v. Cohen*, 73 N.Y.2d 98, 538 N.Y.S.2d 229, 535 N.E.2d 282, 285 (1989)). Rather, equitable estoppel applies only when a defendant covers up an earlier wrongdoing to prevent plaintiff from suing on the initial wrong. *See Smith v. Smith*, 830 F.2d 11, 13 (2d Cir.1987). Moreover, in order to demonstrate a basis for the application of equitable estoppel, a plaintiff must allege more than that the defendant remained silent regarding the initial wrong. *See Abercrombie v. Andrews College*, 438 F.Supp.2d

243, 265–66, 2006 WL 1716857, *16, 2006 U.S. Dist. LEXIS 39671, *64 (S.D.N.Y. June 13, 2006); *see also Jordan*, 426 N.Y.S.2d at 361 ("A party against whom a claim exists is not, without more, under a duty to inform the injured party thereof, and such failure to inform does not constitute the kind of fraudulent concealment which gives rise to an estoppel."). Schmukler's alleged failure to disclose a conflict of interest is the initial wrongdoing that forms the basis for Tenamee's malpractice claim and thus cannot also serve as ground to invoke equitable estoppel.

Since the doctrines of equitable tolling and equitable estoppel do not apply in this case, Tenamee's malpractice claim is time-barred.

### 2. Tenamee's Fraud Claims

#### a) Fraud Claims Against Nass and Izak

Tenamee alleges that Nass and Izak committed fraud when they falsely testified against him at the 1987 grand jury proceeding and the 1990 drug trial. The essential elements for a fraud claim in New York are (1) a misrepresentation (2) known to the defendants to be false and made for the purpose of inducing reliance and (3) justifiable reliance by the plaintiff which causes (4) harm. *See Van Kleeck v. Hammond*, 25 A.D.3d 941, 811 N.Y.S.2d 452, 454 (App. Div. 3rd Dep't 2006) (*citing Mora v. RGB, Inc.*, 17 A.D.3d 849, 794 N.Y.S.2d 134, 137 (App. Div. 3rd Dep't 2005)).

Even assuming that Nass and Izak lied during their testimony, and even if those falsehoods led to Tenamee's arrest, Tenamee still has not alleged the elements of a fraud claim against his sisters because he did not rely upon their testimony to his detriment. Indeed, by his own admission he was not even aware of the allegedly

false testimony until well after his plea agreement. Without an allegation as to his own detrimental reliance on the asserted false statement of these two defendants, Tenamee has failed to state a claim for fraud against them.

b) *Fraud Claim Against Schmukler*

 The statute of limitations for fraud in New York is the longer of six years after the fraud occurs, or two years after it is discovered. *See Monaco v. N.Y. Univ. Med. Ctr.*, 213 A.D.2d 167, 623 N.Y.S.2d 566, 568 (App. Div. 1st Dep't 1995). *See also* CPLR § 213(8); CPLR § 203(g). However, New York courts require that fraud claims be distinct from other causes of action to benefit from the longer statute of limitations period. *See Cottonaro v. Southtowns Industries, Inc.*, 213 A.D.2d 993, 625 N.Y.S.2d 773 (App. Div. 4th Dep't 1995); *New York Seven–Up Bottling Co. v. Dow Chemical Co.*, 96 A.D.2d 1051, 466 N.Y.S.2d 478, 480 (App. Div. 2nd Dep't 1983).

 In the instant case, Tenamee's fraud claim is based on Schmukler's failure to disclose an alleged conflict of interest, which Tenamee says affected how Schmukler represented him. This allegation amounts to nothing but a thinly disguised claim for legal malpractice. Since the Court must "look for the reality, and the essence of the action and not its mere name," *Brick v. Cohn–Hall–Marx Co.*, 276 N.Y. 259, 11 N.E.2d 902, 904 (1937), Tenamee cannot benefit from the longer fraud statute of limitations when he is asserting what is actually a legal malpractice claim.

3. *Negligent Misrepresentation*

 Tenamee further asserts that Schmukler is liable for negligent misrepresentation because he falsely promised an 18–month sentence if Tenamee signed the plea agreement.[5] The statute of limitations for negligent misrepresentation or constructive fraud is six-years, although unlike the case of actual fraud the two year discovery rule does not apply. *See Fandy Corp. v. Lung–Fong Chen*, 262 A.D.2d 352, 691 N.Y.S.2d 572, 573 (App. Div. 2nd Dep't 1999). However, as with actual fraud, a plaintiff cannot invoke the longer statute of limitations by bringing a negligent misrepresentation suit that would more properly be brought under another cause of action. *See Rosenbach v. Diversified Group, Inc.*, No. 602463 CV 2005, 2006 WL 1310656, *3 (N.Y.Sup.2006). Since Tenamee's negligent misrepresentation claim at its core is a legal malpractice claim, he cannot benefit from New York's longer statute of limitations for negligent misrepresentation.

B. *RICO*

 The Court finds that Tenamee's RICO claim must be dismissed on the ground that the pleadings do not assert facts that sufficiently establish the essential elements of a RICO cause of action under 28 U.S.C. § 1962. To state a private claim for damages under RICO, a plaintiff must satisfy two burdens. First, he must establish that the defendant has violated the substantive RICO statute, that is, the criminal provisions of the statute. To satisfy this test, the plaintiff must allege the existence of seven requisite elements identified by the Second Circuit in

---

5. In his complaint, Tenamee states a claim for "negligent representation," on the basis that "Schmukler failed to exhibit reason or competence in communicating information surrounding the existing conflict of interest."

(Compl. at 13.) In support of this point, Tenamee cites case law concerning the tort of negligent *mis*representation, which is how the Court construes his claim.

*Moss v. Morgan Stanley, Inc.,* 719 F.2d 5 (2d Cir.1983), *cert. denied sub nom. Moss v. Newman,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Those factors are:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce ...

*Id.* at 17 (quoting 18 U.S.C. § 1962(a)-(c) (1976)).

▇ The Circuit Court elaborated that, before analysis of the second burden—*i.e.,* satisfying requirements for RICO's civil remedies of treble damages, attorneys fees and costs—a plaintiff must adequately allege defendant's violation of § 1962. With regard to this latter standard, a plaintiff must allege that he was "injured in his business or property by reason of a violation of section 1962." *Id.*

More specifically, §§ 1962(a)-(d) prohibit particular acts committed from or through a pattern of racketeering activity: (1) the use of income so derived to acquire an interest in, or the establishment or operation of, an enterprise engaged in or whose activities affect interstate commerce; (2) the acquisition of an interest in or control of such an enterprise; (3) the conduct or participation in the conduct of such an enterprise's affairs, and (4) conspiring to do any of the above. *See* 18 U.S.C. § 1962(a)-(d).

Tenamee does not specify in his complaint the particular substantive provisions of RICO he alleges Schmukler violated. Nonetheless, the Court finds the pleadings here deficient to state a claim under any of the provisions of § 1962.

▇ Each subsection of § 1962 shares two constituents as required elements to establish a claim for damages: that the wrongful conduct the defendant allegedly engaged in occurred (1) through "a pattern of racketeering activity," (2) conducted by an "enterprise." In this case, Tenamee's RICO action cannot be sustained under any of the four subsections because, at the outset, his pleadings fail to demonstrate that the injuries he claims to have suffered derived from acts by Schmukler that sufficiently establish the RICO statute's definition of a "pattern of racketeering activity" or of an "enterprise." To satisfy the "pattern of racketeering" requirement a RICO claimant must show at least two racketeering predicates, that "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (emphasis in original). As so defined, a sufficient "pattern" must meet several criteria. First, the plaintiff must show the occurrence of at least two predicate acts of "racketeering." Second, the specific instances of qualifying criminal conduct must have taken place within ten years. of each other. *See* 18 U.S.C. § 1961(5). Third, the alleged acts must be related and must amount to a threat of continuing specified unlawful conduct. *See H.J. Inc.,* 492 U.S. at 238–44, 109 S.Ct. 2893.

▇ Thus, separate, discreet acts that are unrelated or that would not qualify as criminal conduct would not suffice. *See id.,* 492 U.S. at 241–50, 109 S.Ct. 2893; *United States v. Indelicato,* 865 F.2d 1370, 1376–1, 1384 (2d Cir.1989) (*en banc*), *cert. denied,* 493 U.S. 811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989). Rather, the continuity standard must be met by factual assertions demonstrating either a "closed-ended" pattern of past criminal activities occurring over an extended period of time, or an

"open-ended" pattern of such past activities combined with a threat of continuation into the future. *See H.J. Inc.*, 492 U.S. at 241–42, 109 S.Ct. 2893; *United States v. Alkins*, 925 F.2d 541, 551 (2d Cir.1991).

Even under a lenient reading of Tenamee's pleadings in the light most favorable to him, the complaint demonstrates no factual assertions satisfying the "pattern of racketeering" requirement as to Schmukler. The only claim of unlawful conduct on the part of Schmukler that Tenamee's RICO claim specifies relates to Schmukler's alleged failure to disclose a conflict of interest in having represented Tenamee as well as Nass and Izak in connection with somewhat related criminal proceedings, while inducing Tenamee to plead guilty to allegedly false accusations by Nass and Izak. In this regard, Tenamee's complaint contains nothing more than a conclusory assertion that Schmukler on two occasions communicated with government agents by mail and facsimile about matters pertaining to him.

There is no indication in the complaint that Schmukler's alleged conflict of interest constitutes criminal conduct or a threat of continuing criminal activity. Rather, the claimed RICO offense begins and ends with Schmukler's alleged undisclosed conflict of interest, and every violation of law and RICO predicate act Tenamee suggests arose uniquely out of such conduct. Tenamee asserts nothing that establishes a pattern of alleged racketeering acts demonstrating closed-ended continuity sufficient to satisfy this element of a viable RICO claim.

■ Tenamee's pleadings also fail to demonstrate facts sufficient to satisfy the "enterprise" element common to all subsections of § 1962. The allegations of the complaint do not sufficiently establish that Tenamee's asserted injuries derived from Schmukler's direct or indirect investment in, or maintaining an interest or control over, or participating in the operation or management of the affairs of a qualifying "enterprise." *See Moss*, 719 F.2d at 17; *see also Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993); *Ouaknine v. MacFarlane*, 897 F.2d 75, 82–83 (2d Cir.1990); *Discon Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1062 (2d Cir.1996), *vacated on other grounds*, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998). As enunciated by the Supreme Court, the existence of a RICO enterprise is established by evidence of "an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The Supreme Court has also held that a RICO plaintiff must prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" "that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001).

Tenamee suggests that the RICO enterprise he asserts consisted of Schmukler and his law firm. However, other than conclusory allegations, nothing in the complaint addresses the relationships among Schmukler and the other defendants in a manner that distinguishes between the "enterprise" and the "person" who conducted the affairs of the enterprise through a pattern of racketeering. *See id.; see also Bennett v. U.S. Trust*, 770 F.2d 308, 315 (2d Cir.1985); *Riverwoods Chappaqua Corp. v. Marine Midland Bank*, 30 F.3d 339, 344 (2d Cir.1994). Nor do Tenamee's pleadings indicate sufficient evidence of an "enterprise's hierarchy, organization and activities," or that the alleged members functioned as an integrated unit. *United States v. Coonan*, 938 F.2d

1553, 1560–61 (2d Cir.1991), *cert. denied*, 503 U.S. 941, 112 S.Ct. 1486, 117 L.Ed.2d 628 (1992); *Goldfine v. Sichenzia*, 118 F.Supp.2d 392, 401 (S.D.N.Y.2000).

Here, as stated above, rather than indicating that Schmukler functioned with others as a continuing unit that conducted and furthered the affairs of an "enterprise," Tenamee's pleadings describe a series of discrete events involving Schmukler that occurred first in 1987 and later 1990 relating to representation of Nass and Izak before a grand jury and subsequently at a trial that implicated Tenamee in the criminal activity for which he was later convicted, as well as Schmukler's representation of Tenamee in 1990, 2000 and 2001 in the related criminal case against him. There is no sufficient pleading that in carrying out the activities Tenamee alleges, Schmukler and any other defendants were carrying out the affairs of an unlawful enterprise as defined by RICO, rather than their own affairs or those of their institutional employers, principals or partners. *See Reves*, 507 U.S. at 185, 113 S.Ct. 1163.

Accordingly, for the reasons discussed above, the Court finds Tenamee's pleadings insufficient to state a RICO claim and grants the Schmukler's motion to dismiss the complaint.

### III. *ORDER*

For the reasons stated above it is hereby

**ORDERED** that the motion (Docket No. 11) of defendant Martin L. Schmukler and the Law Firm of Martin L. Schmukler P.C., to dismiss the Complaint of plaintiff Reuvan Tenamee ("Tenamee") is granted; and it is hereby

**ORDERED** that Tenamee's motion to file an Amended Complaint (Docket No. 21) is denied.

The Clerk of Court is directed to close this case.

**SO ORDERED.**