■ JOSEPH NEIMAN, Respondent, v KINGSBOROUGH COMMUNITY COLLEGE et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an employment contract, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 19, 1987, which denied their motion for summary judgment dismissing the complaint and ordered the parties to return to step 3 of the grievance procedure as set forth in the collective bargaining agreement.

Ordered that the order is reversed, without costs or disbursements, the defendants' motion is granted and the complaint is dismissed.

Between September 1971 and August 1975 the plaintiff was employed as an assistant professor of accounting by the defendant Kingsborough Community College (hereinafter the college). Under the terms of his annual contracts, the period of his employment ran from September 1 through August 31 of each academic year with reappointment for the following academic year subject to a decision by the college. On or about October 4, 1974, the plaintiff was notified that he would not be reappointed to his position for the 1975-1976 academic year and, therefore, that his employment would terminate as of August 31, 1975. The plaintiff thereafter initiated a grievance procedure against the college alleging that the decision not to reappoint him constituted a violation of the collective bargaining agreement (hereinafter the agreement) between the Board

of Higher Education (hereinafter the Board) and the Professional Staff Congress (hereinafter the PSC), the union of which the plaintiff was a member. The agreement provided for a three-step grievance procedure ending with binding arbitration. The plaintiff pursued his grievance through step 1 and step 2 of the process. In a notice dated August 8, 1975, the plaintiff was informed that his step 2 grievance was deemed abandoned due to his refusal to present his grievance at the step 2 grievance meetings. The plaintiff never requested binding arbitration as provided for by step 3 of the grievance process.

In August 1981 the plaintiff commenced this action against the defendants alleging breach of his employment contract and the collective bargaining agreement. A cause of action against the PSC, for breach of its duty of fair representation, was subsequently discontinued on the plaintiff's motion pursuant to a stipulation of settlement between himself and the union. In November 1986 the defendants moved for summary judgment alleging, *inter alia,* that the plaintiff could not bring a cause of action for breach of contract against the defendants because under the agreement between the Board and the PSC the grievance process was the sole remedy available. By order dated February 19, 1987, the Supreme Court, denied the defendants' motion and ordered the parties to return to step 3 of the grievance process. In a subsequent order dated March 27, 1987, the court denied the defendants' motion for reargument but granted them leave to appeal.

As a general proposition, where "an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed * * * in accordance with the contract" *(Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508; *see also, Vaca v Sipes,* 386 US 171). Two exceptions to this rule are recognized: (1) where the union has the sole power to invoke certain stages of the grievance procedure and by refusing to process the grievance, breaches its duty to the employee of providing him or her with fair representation *(see, Matter of Board of Educ. v Ambach, supra,* at 508-509, and cases cited therein; *Vaca v Sipes, supra,* at 190-193), and (2) where an employer by his conduct repudiates the grievance procedures provided for in the agreement *(see, Vaca v Sipes, supra,* at 190-193).

In the instant case, article 20 of the collective bargaining agreement allows the employee as well as the union, to invoke

any step in the grievance procedure. Therefore, the union did not have the sole power to invoke the process. Even if the PSC breached its duty of fair representation, that violation did not prevent the plaintiff from pursuing the grievance process himself (cf., *Matter of Board of Educ. v Ambach, supra,* at 508-509; *Vaca v Sipes, supra,* at 190-193). Nor does the record support the plaintiff's allegation that the defendants by their conduct had repudiated the grievance process (see, *Vaca v Sipes, supra,* at 190-193). Since the plaintiff's sole remedy for the alleged breach of contract lay in the grievance procedure, the complaint does not state a cause of action and it should have been dismissed. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.