■ ERIC ARTZT, Appellant, v FRANCIS GREENBURGER et al., Respondents.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 15, 1989, which dismissed the complaint as time barred under CPLR 215, unanimously affirmed without costs or disbursements.

Plaintiff was previously sued by his landlord, one of the defendants herein, in an action for declaratory judgment alleging that plaintiff's rent-regulated apartment was not his primary residence. In this previous action, plaintiff was denied leave to amend his answer to raise various counterclaims, and defendants' motion to discontinue was granted. Both orders were affirmed on appeal to this court. *(Cooperative Equities Group IV v Artzt,* 144 AD2d 1047.)

Plaintiff subsequently commenced the instant action. His complaint, liberally read, seeks to assert causes of action for malicious prosecution, abuse of process, and intentional infliction of emotional distress, all predicated upon the maintenance by the defendants of the previously discontinued declaratory judgment action. Plaintiff explicitly disavows any intent to assert a cause of action for retaliatory eviction.

Defendants, in the order on appeal, moved to dismiss the complaint by notice of motion "pursuant to CPLR 3211." While the motion papers are somewhat inartfully drawn, the grounds for dismissal were that the complaint was time barred and that the prior determination of this court was res judicata as to the sufficiency of the complaint. Plaintiff argued that his complaint alleges sufficient facts to support the various causes of action asserted, and that his action was timely under CPLR 205 (a).

The motion court held that since plaintiff had not been granted leave to amend his answer in the prior action to raise counterclaims, no "action" was pending within the meaning of CPLR 205 as to invoke its ameliorative provisions. The motion court further found that no cause of action for malicious prosecution or abuse of process was stated, and that in any event the one-year Statute of Limitations applicable to intentional torts precluded any cause of action based upon the facts presented.

While we do not adopt all of the motion court's conclusions, we are in agreement that the complaint was properly dismissed. Initially, we observed that a cause of action for malicious prosecution runs from the termination of the underlying action, and that, therefore, at least this cause of action is not time barred under the facts presented, even assuming that CPLR 205 is inapplicable. *(Peresluha v City of New York,* 60 AD2d 226.) We also observe that as the prior order denying plaintiff leave to amend his answer was without prejudice to commencement of an independent action, it is not res judicata as to the sufficiency of the instant complaint. Nevertheless, the motion below placed in issue the sufficiency of the complaint, having been so treated by plaintiff, and we conclude that plaintiff neither states nor possesses any valid cause of action. No action for malicious prosecution or abuse of process has or can be stated, since the mere commencement of a civil action, without interference with plaintiff's person or property, is insufficient. *(Williams v Williams,* 23 NY2d 592, 596.) Further, the conduct of defendants was not so outrageous as to support a cause of action for infliction of emotional distress. *(Fischer v Maloney,* 43 NY2d 553, 557.)

For the foregoing reasons, we affirm the dismissal of the complaint. Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.