■ PHILIP QUINN, Appellant, v COUNTY OF NASSAU et al., Respondents.—In an action to recover damages for defamation, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated August 18, 1988, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Since the plaintiff failed to commence the action at bar within the applicable Statute of Limitations *(see,* CPLR 215; General Municipal Law § 50-i), the Supreme Court properly dismissed the cause of action in the complaint sounding in tort. The record reveals that the alleged wrongdoing—the dissemination of defamatory statements and the disclosure of a confidence in violation of the attorney-client privilege—could have occurred no later than September 1986, over 1 year and 90 days prior to the commencement of the action in January 1988. Further, and contrary to the plaintiff's contentions, the alleged tortious conduct of which he complains cannot be construed as a "continuing" series of wrongs *(cf., Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102, 1103). The relevant claim accrual date does not change merely because continuing consequential damages are alleged *(see, e.g., New York Seven-Up Bottling Co. v Dow Chem. Co.,* 96 AD2d 1051, 1052, *affd* 61 NY2d 828; *Pekar v Town of Veteran,* 65 AD2d 651; *cf., Sniper v City of Syracuse,* 139 AD2d 93, 95).

The plaintiff's cause of action premised upon an alleged breach of the collective bargaining agreement was also properly dismissed, since the plaintiff has neither exhausted his contractual remedies nor alleged that his union has failed to represent him fairly *(see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 505, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *Berlyn v Board of Educ.,* 55 NY2d 912; *see also, Vaca v Sipes,* 386 US 171; *Neiman v Kingsborough Community Coll.,* 146 AD2d 612, 613-614). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.