■ HERBERT GOLDSTEIN et al., Appellants, v BERNARD TABB, Individually and as Acting Principal of Arthur S. Somers Junior High School, et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract and breach of the duty of fair representation, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), entered February 2, 1990, which granted the defendants' respective motions to dismiss the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Herbert Goldstein is a former teacher who was employed by the Board of Education of the City of New York. After allegedly experiencing difficulties and mistreatment while teaching at Arthur S. Somers Junior High School, he commenced the instant action against the defendant Bernard Tabb, Acting Principal of the school, and Local 2 of United Federation of Teachers, AFL-CIO (hereinafter the UFT). Also named as defendants in the action are the school district, its superintendent, the administrator of the Medical Bureau, and

the New York City Board of Education itself (hereinafter collectively referred to as the Board of Education defendants). Although the complaint was confusingly and inartfully pleaded, it essentially alleged that Tabb had engaged in a course of conduct calculated to harass, intimidate and harm the plaintiff Herbert Goldstein and thereby force him into taking early retirement. Hence, the plaintiffs sought damages for harassment and tortious interference with contractual rights. Moreover, the plaintiffs alleged that the UFT breached its duty of fair representation by failing to take proper action with respect to Mr. Goldstein's work-related complaints, and that the Board of Education defendants breached his employment contract by improperly terminating his employment. Upon the defendants' motions, the Supreme Court dismissed the complaint in its entirety. We now affirm.

With respect to the defendant Tabb, New York does not recognize a cause of action to recover damages for harassment. Moreover, the complaint fails to set forth any allegation directly linking the purported actions of Tabb with any alleged improper termination of the plaintiff Herbert Goldstein's employment by the Board of Education defendants. Accordingly, the complaint fails to set forth a cause of action to recover damages for tortious interference with contractual rights. Furthermore, we do not find the allegations sufficient to sustain claims sounding in prima facie tort *(see generally, Curiano v Suozzi,* 63 NY2d 113, 117), or intentional infliction of emotional distress *(see generally, Freihofer v Hearst Corp.,* 65 NY2d 135, 143).

With respect to the other defendants, the documents submitted on the motions to dismiss refute the plaintiff Herbert Goldstein's claim of improper termination of employment and instead suggest that he was removed from the payroll for medical reasons or for a failure to return to work after being found medically fit to do so. In any event, Mr. Goldstein concedes that he elected to take early retirement rather than to seek reinstatement to the payroll pursuant to procedures set forth in his collective bargaining agreement. Having failed to invoke his administrative remedies, he may not now seek redress in this lawsuit *(see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *Quinn v County of Nassau,* 162 AD2d 514; *Neiman v Kingsborough Community Coll.,* 146 AD2d 612). Moreover, while Mr. Goldstein contends that he was not required to invoke his contractual remedies because the UFT breached its duty of fair representation, the factual

allegations of the complaint fail to support this claim. Accordingly, the Supreme Court acted properly in dismissing the complaint with respect to all the defendants.

In view of the foregoing, we find it unnecessary to reach the remaining contentions. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.