■ BARBARA JACOBS, Appellant, v 200 EAST 36TH OWNERS CORP. et al., Respondents. [722 NYS2d 137] —Order, Supreme Court, New York County (Jane Solomon, J.), entered November 24, 1999, which, insofar as appealed from as limited by the briefs, granted defendants residential cooperative's and managing agent's motion for summary judgment to the extent of dismissing plaintiff tenant/shareholder's causes of action for breach of the warranty of quiet enjoyment (1st), harassment (8th, 11th, 14th), intentional infliction of emotional distress (12th), fraud (16th), and claim for punitive damages under her cause of action for breach of the warranty of habitability (10th), unanimously affirmed, without costs.

The cause of action for breach of the covenant of quiet enjoyment was properly dismissed upon evidence establishing that there was neither an actual nor constructive eviction (*Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121). The causes of action for harassment were properly dismissed since New York does not recognize such a cause of action (*Goldstein v Tabb*, 177 AD2d 470, 471, *lv denied* 80 NY2d 753). We would add with respect to the fourteenth cause of action, based on the coop's promulgation of a rule prohibiting deliveries of food by placing the food packages on the floor of the elevator and sending the elevator to shareholders' floors and requiring residents to pick up food deliveries in the lobby, that the record is devoid of evidence that such action was not in furtherance of legitimate concerns for safety and cleanliness (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539). The cause of action for intentional infliction of emotional distress, based on the coop's failure to unscrew a lightbulb in plaintiff's apartment for four days, does not allege conduct so extreme and outrageous as to be beyond all possible bounds of decency (*see, Fischer v Maloney*, 43 NY2d 553, 557). The cause of action for fraud, based upon Board members' alleged statements concerning noise in the building and the building's water pressure made during their interview of plaintiff in connection with her purchase application, is not sustainable absent evidence that such statements were known to be false (*see, Lama Hold-*

*ing Co. v Smith Barney*, 88 NY2d 413, 421). Plaintiff's cause of action for breach of the warranty of habitability, alleging defendants' refusal to enforce House Rules and to remedy noise, low water pressure and other unpleasant living conditions in the building, does not show conduct so "morally reprehensible" as to warrant an award of punitive damages (*see*, *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315). We have considered plaintiff's other contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.