■ ANITA REISMAN, Respondent, v KERRY LUTZ, P.C., et al., Appellants. [774 NYS2d 345]—

In an action, inter alia, to recover damages for malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated December 3, 2002, as denied that branch of its motion which was to dismiss the cause of action based upon abuse of process.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was

to dismiss the cause of action based on abuse of process is granted.

The plaintiff's husband was a judgment debtor. The defendant attorneys were retained by a judgment-creditor to collect upon the judgment. At a deposition, the plaintiff's husband testified that he deposited his funds into the plaintiff's bank accounts and drew checks on those accounts. Subsequently, the defendants issued a restraining notice on the plaintiff's bank accounts pursuant to CPLR 5222. The plaintiff then commenced this action to recover damages against the defendants based upon their filing of the restraining notice against her bank accounts.

The complaint alleged causes of action to recover damages for malicious prosecution, "unlawful issuance of a restraining notice to a Bank," "unethical conduct," "interference with a contract," defamation, and prima facie tort. The defendants moved, inter alia, to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). The Supreme Court determined that the complaint "state[d] a valid cause of action [to recover damages] for unlawful issuance of a restraining notice since this constitutes abuse of process" and dismissed the remaining causes of action.

The complaint was insufficient to state a cause of action alleging abuse of process (see Curiano v Suozzi, 63 NY2d 113, 116-117 [1984]), since it failed to allege "any actual misuse of the process to obtain an end outside its proper scope" (Hornstein v Wolf, 67 NY2d 721, 723 [1986]).

The defendants' remaining contention is academic. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.