■ JEAN PAULINE HARTMAN, Appellant, v 536/540 E. 5TH ST. EQUITIES, INC., Respondent. [797 NYS2d 73]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 24, 2004, which granted defendant landlord's motion to dismiss plaintiff former tenant's complaint for failure to state a cause of action, unanimously affirmed, without costs.

New York does not recognize a civil cause of action for harassment (see *Jacobs v 200 E. 36th Owners Corp.*, 281 AD2d 281 [2001]). Giving plaintiff's allegations every favorable intendment, they appear to seek recovery for emotional distress intentionally inflicted by means of abusive lawsuits and breaches of the warranty of habitability. However, the documentary evidence conclusively establishes that none of the three

proceedings instituted by defendant against plaintiff were brought without justification, and, except as authorized by court order, no process was employed that interfered with plaintiff's person or property (*see Matter of Walentas v Johnes*, 257 AD2d 352, 354 [1999], *lv dismissed* 93 NY2d 958 [1999]; *Artzt v Greenburger*, 161 AD2d 389, 390 [1990]). Plaintiff should have raised any warranty of habitability claims in the nonpayment proceeding that was settled or in the holdover proceeding that resulted in her eviction. In any event, the alleged breaches of the warranty fall short of the extreme, outrageous conduct necessary to support a cause of action for the intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121-122 [1993]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.