■ MICHAEL EDELSTEIN et al., Respondents, v SHELDON FARBER, Appellant. [811 NYS2d 358]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered December 17, 2004, which, insofar as appealed from, granted plaintiffs landlords' motion for summary judgment dismissing defendant tenant's counterclaims for harassment, intentional infliction of emotional distress and defamation, unanimously affirmed, without costs.

Defendant's counterclaims were properly dismissed. To the extent defendant seeks to recover based on allegations of harassment, New York does not recognize a common-law cause of action for harassment (*see Hartman v 536/540 E. 5th St. Equities, Inc.*, 19 AD3d 240 [2005]). The proper remedy for a violation of the prohibition against harassment in Rent Stabilization Code (9 NYCRR) § 2525.5 is a complaint to the Division of Housing and Community Renewal (9 NYCRR 2526.2 [c] [2]; *see Sohn v*

*Calderon,* 78 NY2d 755, 765, 768 [1991]). To the extent defendant seeks to recover for intentional infliction of emotional distress, his allegations either lack evidentiary support or fall short of the requisite extreme and outrageous conduct (*see Hartman,* 19 AD3d 240 [2005], *supra; Jacobs v 200 E. 36th Owners Corp.,* 281 AD2d 281, 282 [2001]; *Walentas v Johnes,* 257 AD2d 352, 353 [1999]). Since the name that defendant was allegedly called does not constitute slander per se, its utterance is not actionable absent allegations of special damages (*see Liberman v Gelstein,* 80 NY2d 429, 434-435 [1992]; *Aronson v Wiersma,* 65 NY2d 592, 594-595 [1985]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.