■ Mago, LLC, Respondent, v Amrit Joy Singh, Appellant. [851 NYS2d 593]—

In an action, inter alia, to recover unpaid rent, the defendant

appeals from an order of the Supreme Court, Westchester County (Collabella, J.), entered July 5, 2005, which granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims. New York does not recognize a common-law cause of action alleging harassment (*see Edelstein v Farber,* 27 AD3d 202 [2006]; *Hartman v 536/540 E. 5th St. Equities, Inc.,* 19 AD3d 240 [2005]; *Burrell v International Assn. of Firefighters,* 216 AD2d 346 [1995]; *Couch v Schmidt,* 204 AD2d 951, 953 [1994]; *Goldstein v Tabb,* 177 AD2d 470, 471 [1991]). The proper remedy for a violation of the prohibition against harassment in Rent Stabilization Code (9 NYCRR) § 2525.5 is a complaint to the Division of Housing and Community Renewal (*see* 9 NYCRR 2526.2 [c] [2]; *Sohn v Calderon,* 78 NY2d 755, 765, 768 [1991]; *Edelstein v Farber,* 27 AD3d 202 [2006]).

To the extent that the defendant's counterclaims were predicated on abuse of process, the mere commencement of a civil action, without unlawful interference with person or property, is insufficient to state a cause of action for abuse of process (*see Williams v Williams,* 23 NY2d 592, 596 [1969]; *Walentas v Johnes,* 257 AD2d 352, 354 [1999]; *Artzt v Greenburger,* 161 AD2d 389, 390 [1990]). Moreover, the institution of a civil action by summons and complaint is not legally considered process capable of being abused (*see Curiano v Suozzi,* 63 NY2d 113, 117 [1984]; *Hoppenstein v Zemek,* 62 AD2d 979, 980 [1978]). The counterclaims were insufficient to state a cause of action alleging abuse of process since they failed to allege "any actual misuse of the process to obtain an end outside its proper scope" (*Hornstein v Wolf,* 67 NY2d 721, 723 [1986]; *see Reisman v Kerry Lutz, P.C.,* 6 AD3d 418 [2004]).

To the extent that the counterclaims sought to recover damages for intentional infliction of emotional distress, the allegations either lack evidentiary support, or fell short of the requisite extreme and outrageous conduct (*see Hartman v 536/540 E. 5th St. Equities, Inc.,* 19 AD3d 240 [2005]; *Jacobs v 200 E. 36th Owners Corp.,* 281 AD2d 281, 282 [2001]; *Glendora v Walsh,* 227 AD2d 377 [1996]).

The defendant's remaining contentions are not properly before this Court (*see e.g. Mortgage Elec. Registration Sys., Inc. v McDuffie,* 33 AD3d 893, 895 [2006]; *Eades v Tadao Ogura,*

*M.D., P.C.,* 185 AD2d 266, 267 [1992]) or without merit. Skelos, J.P., Ritter, Miller and Covello, JJ., concur.