■ WORLD CITY FOUNDATION, INC., et al., Respondents, v VITO SACCHETTI et al., Appellants. [851 NYS2d 160]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 19, 2006, which, insofar as appealed from, denied defendants' (collectively landlord) motion for summary judgment dismissing plaintiffs' (collectively tenant) causes of action for breach of contract and intentional infliction of emotional distress, unanimously modified, on the law, to dismiss the cause of action for intentional infliction of emotional distress, and otherwise affirmed, without costs.

Tenant occupied three apartments in landlord's building pursuant to a so-called "master lease" with the prior landlord, and eventually came to occupy six others, using them primarily as the offices of plaintiff not-for-profit foundation. Tenant's admitted lateness in paying rent resulted in landlord's institution of a number of proceedings in Housing Court. The motion court correctly found that the doctrine of collateral estoppel precludes tenant's breach of contract claim with respect to apartment 202, based on Housing Court's prior determination, in a proceeding specific to that apartment, that it was not subject to the master lease. However, no such finding was made with respect to any of the other apartments in any of the other proceed-

ings, and, although issues relating to the master lease were alluded to in tenant's affirmative defenses in various of the proceedings, they were never clearly raised and decided against tenant (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]). The dismissal of certain of tenant's affirmative defenses in one of the proceedings, on the ground that a tenant's entitlement to a lease renewal under the Rent Stabilization Law is not a defense to a nonpayment summary proceeding, does not support landlord's position that tenant's breach of the master lease has been decided, and indeed tends to support tenant's contrary position. Issues relating to the master lease, such as whether landlord failed to offer lease renewals in accordance with its terms, or charged rent above the 5% increase per year permitted thereunder, have yet to be addressed. Nor was there ever a need to address such issues where it has never been proven that the apartments, with the exception of 202, are subject to the master lease and not rent stabilization (*see Lukowsky v Shalit*, 110 AD2d 563, 566 [1985] [although successive actions all involved same sublease, res judicata did not apply because "each presented a different gravamen of wrong and distinct cause of action requiring different elements of proof"]). We modify to dismiss the claim for intentional infliction of emotional distress since landlord certainly was entitled to bring nonpayment proceedings upon tenant's admitted failures to timely pay the rent, and since tenant's other allegations fall short of the extreme, outrageous conduct necessary to that cause of action (*see Walentas v Johnes*, 257 AD2d 352, 353 [1999], *lv dismissed* 93 NY2d 958 [1999]; *Hartman v 536/540 E. 5th St. Equities, Inc.*, 19 AD3d 240 [2005]). Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.