■ Ruth M. Pollack, Appellant, v Arthur J. Cooperman et al., Respondents. [972 NYS2d 81]—

In an action, inter alia, for a judgment declaring that the plaintiff's constitutional rights to due process and equal protection were violated by the defendants, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated October 4, 2011, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint and, in effect, denied her cross motion to strike the defendants' motion to dismiss the complaint on the ground that the Attorney General should be disqualified from appearing in the action on behalf of the defendants.

Ordered that the order is affirmed, with costs.

After the plaintiff was found guilty of criminal contempt by the United States District Court for the Eastern District of New York, this Court authorized the Grievance Committee for the Tenth Judicial District to institute and prosecute a disciplinary proceeding in this Court against the plaintiff and appointed the Honorable Arthur Cooperman (hereinafter the Referee), a retired Justice of the Supreme Court, to act as Special Referee to hear and report on the issues raised by the petition to be filed by the Grievance Committee. The plaintiff subsequently commenced this action in the Supreme Court, Suffolk County, inter alia, for a judgment declaring that the Referee and the assistant counsel to the Grievance Committee violated her constitutional rights to due process and equal protection. The complaint also alleged that the defendants committed civil harassment, as well as mail fraud in violation of 18 USC § 1342. The defendants moved pursuant to CPLR 3211 to dismiss the complaint on multiple grounds, and the plaintiff cross-moved to strike the defendants' motion to dismiss the complaint on the ground that the Attorney General should be disqualified from appearing in the action on behalf of the defendants. The Supreme Court, inter alia, granted the defendants' motion to dismiss the complaint on the ground that the Supreme Court lacked subject matter jurisdiction to entertain the action. We affirm, but on a different ground, namely, that the complaint failed to state a cause of action.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must " 'accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the plaintiff] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012], quoting *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414

[2001]). The federal mail fraud statute does not create a private right of action (*see Official Publs., Inc. v Kable News Co.*, 884 F2d 664, 667 [2d Cir 1989]; *Vasile v Dean Witter Reynolds Inc.*, 20 F Supp 2d 465, 478 [ED NY 1998]; *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.*, 851 F Supp 556, 567 [SD NY 1994]), and New York does not recognize a civil cause of action to recover damages for harassment (*see Mago, LLC v Singh*, 47 AD3d 772 [2008]; *Hartman v 536/540 E. 5th St. Equities, Inc.*, 19 AD3d 240 [2005]). Further, the complaint fails to allege facts sufficient to establish that the plaintiff was deprived of her constitutional rights to substantive and procedural due process and equal protection (*see Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 202-204 [2009]). Moreover, the defendants are absolutely immune from suit since the complaint's allegations concern conduct committed while the defendants were acting in their official capacities and performing judicial or quasi-judicial functions (*see Tarter v State of New York*, 68 NY2d 511 [1986]; *Lodichand v Kogut*, 91 AD3d 608 [2012]; *Jacobs v Guido*, 268 AD2d 278 [2000]).

The plaintiff failed to establish that a conflict of interest exists such that the Attorney General should be disqualified from representing the defendants in this action (*see* Public Officers Law § 17 [2] [a], [b]).

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.