CHELSEA 18 PARTNERS, LP, Appellant-Respondent, v SHECK YEE MAK et al., Respondents-Appellants, et al., Defendants. [2 NYS3d 787]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 27, 2014, which, insofar as appealed from, denied plaintiff's cross motion for summary judgment on its claims seeking eviction and for dismissal of defendants' counterclaims, and denied defendants Sheck Yee Mak and Choi Kuen Mak's motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of dismissing defendants' harassment counterclaim, and otherwise affirmed, without costs.

With regard to plaintiff's claim that defendants repeatedly refused access to their apartment to remedy conditions that

posed a threat to health and safety, Supreme Court stated and plaintiff concedes that the alleged nuisance has been abated. Therefore, ejectment is not a proper remedy here (*see e.g. 12 Broadway Realty, LLC v Levites*, 44 AD3d 372, 372 [1st Dept 2007] [despite tenant's refusal to allow access to premises to correct *ongoing condition/s* potentially hazardous to others, notice to cure provision deemed reasonable and sufficient remedy, under the circumstances]).

Defendants' first counterclaim for harassment does not lie (*Edelstein v Farber*, 27 AD3d 202 [1st Dept 2006]).

We note that defendant Michael Mak did not file a notice of appeal. Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.