Dionne Daniel, Respondent,
against
Lawanna Jake, Appellant. 




Lawanna Jake, appellant pro se.
Dionne Daniel, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered December 1, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,600 and dismissed the counterclaim.




ORDERED that the judgment is modified by providing that defendant is awarded the principal sum of $1,247.27 on her counterclaim; as so modified, the judgment is affirmed, without costs.
Plaintiff, defendant's former landlord, commenced this small claims action to recover $2,600 in rent arrears. Defendant counterclaimed to recover $5,000 for plaintiff's failure to return her security deposit. At a nonjury trial, defendant argued that plaintiff was not entitled to be paid rent because plaintiff did not have a certificate of occupancy for the house in which the apartment that defendant had rented from plaintiff was located. Plaintiff testified that the house predated the requirement for a certificate of occupancy and that no alterations had been made that would require that one be issued. Defendant did not rebut plaintiff's testimony, and the allegations defendant makes on appeal with respect thereto are dehors the record, and will not be considered (see Chimarios v Duhl, 152 AD2d 508 [1989]). With regard to the counterclaim, plaintiff testified that she had mailed a check for $1,247.27, the amount due, to defendant on her security deposit, but it had been returned unclaimed. The Civil Court awarded plaintiff the principal sum of $2,600 and dismissed defendant's counterclaim, but instructed plaintiff to mail [*2]$1,247.27 to defendant by certified, first class mail. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The court's determination with respect to plaintiff's claim is supported by the record and provided the parties with substantial justice (see CCA 1804, 1807). While defendant argues on appeal that she had interposed a counterclaim for harassment that was not addressed by the trial court, the record reflects that defendant did not interpose such a counterclaim and, in any event, there is no basis upon which she could recover damages for harassment (see Edelstein v Farber, 27 AD3d 202 [2006]; cf. Administrative Code of the City of NY § 27-2115 [a], [h]). However, the court's instruction to plaintiff to mail defendant a check for $1,247.27, based on plaintiff's admission that she owed that amount for the security deposit, was a determination that defendant was entitled to an award in that amount on her counterclaim, and the judgment must be modified to provide for such an award. In the event that plaintiff has already paid that sum as instructed, plaintiff would be entitled to have that part of the judgment marked satisfied. 
Accordingly, the judgment is modified by providing that defendant is awarded the principal sum of $1,247.27 on her counterclaim. 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019