**415 E. 12th St. Hous. Dev. Fund Corp. v Duran**

2025 NY Slip Op 32182(U)

June 20, 2025

Supreme Court, New York County

Docket Number: Index No. 153014/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION,

Plaintiff,

- v -

ERASMO DURAN, DENIS DALY

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 153014/2024 |
| MOTION DATE | 01/21/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, plaintiff's motion is granted in part, and defendants' motion is granted in part.

## Background

Erasmo Duran is the owner of 250 shares in the 415 East 12th Street Housing Development Fund Corporation ("Plaintiff"), corresponding to apartment 4. Duran shares the apartment with his son, Denis Daly (collectively with Duran, "Defendants"). Duran has lived in the apartment for many years with his now deceased mother and entered into the corresponding proprietary lease in 2013. He was also the building superintendent for 31 years and has a seventh-grade education level. In 2021, there was a membership change on the co-op Board and Duran was terminated from his position as superintendent. Defendants allege that the new Board member and others embarked on a campaign of harassment against Duran, and Plaintiff alleges that Duran was engaging in largely unspecified "harassing" behavior towards other tenants in the building.

153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs.
DURAN, ERASMO ET AL
Motion No. 002

Page 1 of 9

1 of 9

On July 12, 2023, Plaintiff mailed Duran a Notice of Default with a 30-day cure period under the proprietary lease. The notice that Plaintiff has provided in the record is missing several pages, including those that detail what the purported events of default were and how they can be cured. Then on August 23, 2023, Plaintiff mailed Duran a Notice of Termination. This notice listed certain dates that Duran allegedly engaged in the complained-about behavior, which largely consisted of unreasonable noises such as "yelling loudly" and "cackling". All of the dates listed for allegedly breaching conduct in the Notice of Termination pre-date the Notice of Default.

Duran alleges that he did not receive the aforementioned notices until he received a copy of the complaint in this action. According to the USPS tracking report, both mailed notices were "Refused". Plaintiff initiated this proceeding in April of 2024, seeking a declaration that Duran's shares in the corporation were terminated in August of 2023 and an ejectment order. Duran initially appeared, pro se, in August of 2024. The following month, more than a year after the purported termination of the proprietary lease, his maintenance charges began to be rejected by Plaintiff on advice of counsel. Duran then obtained representation and in January of 2025 filed an Answer with seven counterclaims.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs. DURAN, ERASMO ET AL
Motion No.  002**

Page 2 of 9

2 of 9

trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016].

The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff moves here for summary judgment on their claims in the amended complaint. Defendants cross-move for partial summary judgment, dismissing the first three causes of action in the complaint, granting judgment in their favor on the first counterclaim, and compelling Plaintiff to file an answer to the remaining counterclaims. They are also seeking attorneys' fees. For the reasons that follow, Plaintiff's motion is granted as to dismissal of the fourth, fifth, and sixth counterclaims. Defendants' motion is granted as to dismissal of the first three causes of action in the complaint and partial summary judgment on the first counterclaim and denied as to the rest.

*Plaintiff Fails to Meet Their Burden as The Notices Were Defective*

Plaintiff argues that they should be granted summary judgment on their causes of action and that any defenses or counterclaims brought by Defendants are untimely. They contend that because the notices were marked refused, there are no genuine issues of material fact as Defendants could not attest that they did not receive notice when he was the one who refused delivery. They also argue that Defendants are barred from challenging the decision of the Board due to the statute of limitations. Defendants oppose these arguments and argue that the notices in question were both defective.

Ultimately, Plaintiff's arguments about delivery miss the mark. Plaintiff is seeking judgment in their favor on claims that are entirely based on the two notices that were sent to Duran. These notices are, as Defendants have argued and Plaintiff has not contested, defective on

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs.
DURAN, ERASMO ET AL
Motion No.  002**

**Page 3 of 9**

3 of 9

[* 3]

their face. The Notice of Default is missing the most important pages (outlining what the breach(es) of the proprietary lease are and how the tenant could cure them) and Plaintiff has failed to supply a complete copy. More importantly, while the Notice of Termination did list specific dates that the alleged breaches occurred (in the form of unreasonable noises), but none of these post-dated the Notice of Default. By the own terms of the Notice of Termination, any breach by Duran was apparently cured during the cure period that was set forth in the Notice of Default. Presumably, he is no longer "cackling". The Court cannot enforce a defective Notice of Termination based on a defective Notice of Default, and therefore it does not need to reach the issue of whether the refusal of delivery impacted enforceability of the Notice of Termination.

Neither does any argument about Defendants' alleged failure to act during the statute of limitations avail Plaintiff in their motion. Plaintiff has not provided a basis for summary judgment in their favor, and therefore their motion is denied. As the Court of Appeals have held, the moving party on a motion for summary judgment bears the initial burden to "establish a prima facie entitlement to judgment as a matter of law, tendering sufficient evidence." *Voss v. Netherlands Ins. Co.*, 22 N.Y.3d 728, 734 [2014]. Failure to meet this burden necessitates denying the motion, and "the burden does not shift to the nonmoving party to persuade the court against summary judgment." *Id*.

### *Plaintiff's First Three Causes of Action Should Be Dismissed*

In their cross-motion Defendants seek to have the first three causes of action pled in the amended complaint dismissed. These are claims for a declaratory judgment stating that Duran's shares and proprietary lease were canceled by the Notice of Termination, a request for specific performance obligating Duran to surrender his shares and proprietary lease, and a claim for ejectment. There is a remaining claim for the refused maintenance charges. Because the first

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs. DURAN, ERASMO ET AL
Motion No.  002**

**Page 4 of 9**

4 of 9

three claims are based on the defective Notice of Termination, dismissal is proper. *See, e.g., 49 W. 12 Tenants Corp. v. Seidenberg*, 6 A.D.3d 243, 244 [1st Dept. 2004] (holding that dismissal of a claim to terminate a proprietary lease is proper when the notice of termination was defective).

*Statute of Limitations Does Not Bar Defendants' Counterclaims*

Defendants' counterclaims include claims based on the premise that the Plaintiff's actions in attempting to terminate Duran's proprietary lease are in breach of that agreement. Plaintiff argues that because these claims involve a challenge to decisions taken by the Board, they are subject to the shortened statute of limitations for Article 78 proceedings and must be dismissed as untimely. Defendants argue that their claims sound in breach of contract and are subject to a six-year statute of limitations. Generally speaking, a proceeding challenging actions taken by a co-operative corporation, such as one challenging an election, must be commenced within four months after the action becomes final. *Valyrakis v. 346 W. 48th St. Hous. Dev. Fund. Corp.*, 161 A.D.3d 404, 405 – 06 [1st Dept. 2018]. But actions that sound in the breach of a proprietary lease, even if the alleged breach was committed by a co-op board, fall under the six-year statute of limitations available for breach of contract proceedings. *Estate of Del Terzo v. 33 Fifth Ave. Owners Corp.*, 136 A.D.3d 486, 487 – 88 [1st Dept. 2016]. Therefore, the relevant contract and tort statute of limitations apply to Defendants' counterclaims, as they are not an Article 78 challenge to actions taken by the Board but rather sound in breach of contract and tort.

*Defendants' Motion for Summary Judgment on Their First Counterclaim Granted in Part*

Defendants have moved for partial summary judgment in their favor on the first counterclaim. Plaintiff has moved to dismiss it for statute of limitations, an argument that as addressed above fails. The claim is for breach of the proprietary lease and alleges that the Board

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs. DURAN, ERASMO ET AL Motion No.  002**

**Page 5 of 9**

5 of 9

was acting in bad faith when it attempted to terminate Duran's proprietary lease and that the Board failed to perform their obligations under the lease. To the extent that the first counterclaim requests a declaratory judgment that the purported termination of Duran's lease was ineffective, and Duran is the sole owner of the 250 shares at issue, the motion is granted. As addressed above, Plaintiff's attempt to terminate the shares was based on defective notices and therefore was not valid. To the extent that the motion seeks damages for an alleged breach of the proprietary lease by the Board acting in bad faith, it is denied. There are remaining issues of material fact going to what actions the Board took and why, making granting of summary judgment for all forms of relief requested in the first counterclaim premature.

### *Plaintiff's Motion to Dismiss Remaining Counterclaims Is Granted as To the Fourth, Fifth, and Sixth Counterclaims and Denied as To the Rest*

Plaintiff has moved for summary judgment in their favor dismissing the remaining counterclaims pled by Defendants. The second counterclaim is for breach of fiduciary duty, and the seventh is for negligence. Plaintiff seeks to dismiss these counterclaims on the grounds that they are subject to the four-month statute of limitations. As addressed above, this argument fails and therefore Plaintiff has not met their burden to dismiss these counterclaims.

Plaintiff moves to dismiss the third counterclaim for private nuisance for failure to state a claim. They argue that Defendants failed to allege with sufficient particularity the actions taken by Plaintiff that constituted a substantial interference. The Answer in ¶ 71 lists the specific actions taken by Plaintiff that are alleged to constitute private nuisance, including "refusing to accept maintenance fees from Mr. Duran in bad faith", "terminating Mr. Duran's lease outside the scope of its authority", and "attempting a bad faith buy-out of Mr. Duran's shares". These

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs.**     **Page 6 of 9**
**DURAN, ERASMO ET AL**
**Motion No.  002**

6 of 9

allegations are sufficiently particular to give the parties notice of the actions at issue, and Plaintiff fails to meet their burden in dismissing the third counterclaim.

Plaintiff also moves to dismiss the fourth counterclaim for "housing harassment" on the grounds that New York law does not recognize a common law claim for harassment. Plaintiff is correct, and the proper remedy for a claim of housing harassment is "a complaint to the Division of Housing and Community Renewal." *Edelstein v. Farber*, 27 A.D.3d 202, 202 [1st Dept. 2006]. Therefore, dismissal of the fourth counterclaim is proper.

The fifth counterclaim is for malicious prosecution, and Plaintiff moves to dismiss on the grounds that Defendants have failed to allege a necessary element. A claim for civil malicious prosecution requires "(1) the commencement or continuation of a … proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the [plaintiff], (3) the absence of probable cause for the … proceeding and (4) actual malice." *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 613 [1st Dept.] Plaintiff argues that because the proceeding has not terminated, the counterclaim should be dismissed. Because Plaintiff still has a remaining cause of action, and the proceeding has not been terminated, dismissal of this counterclaim at this time is proper.

The sixth counterclaim is for intentional infliction of emotional distress. Plaintiff moves to dismiss this on the grounds that the actions alleged do not arise to the level of outrageousness required to meet the first element. This element is the most difficult to meet and requires that the conduct alleged "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 [1993]. Here, the conduct alleged in the Answer consists of the same actions involving an illegal buyout and

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs.
DURAN, ERASMO ET AL
Motion No.  002**

**Page 7 of 9**

[* 7]

7 of 9

improper attempt to terminate Duran's proprietary lease, that Defendants allege to be an intentional attempt to recover the apartment in question for bad faith reasons. While the allegations, if true, would be improper and in bad faith, they do not arrive to the required level of shockingly outrageous behavior necessary to sustain a claim for intentional infliction of emotional distress. Therefore, dismissal of the sixth counterclaim is proper.

*Defendants' Motion for Attorneys' Fees*

Defendants have moved for attorneys' fees incurred in this action and motion sequence pursuant to RPP § 234. This section of the Real Property Law states that if a lease provides that a landlord may recover attorneys' fees incurred as a result of a breach of the lease, there is an implied provision granting the tenant the same fees in the successful defense of the action. As there is a remaining cause of action in Plaintiff's complaint, that was not the subject of this motion for summary judgment, the granting of attorneys' fees pursuant to RPP § 234 would be premature at this time. Defendants also request a discretionary award for fees pursuant to NYCRR § 130-1.1, which the Court declines at this time to grant. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment is granted in part and denied in part; and it is further

ADJUDGED that defendants' cross-motion is granted in part and denied in part; and it is further

ORDERED that the first three causes of action in the amended verified complaint are dismissed; and it is further

ORDERED that the fourth, fifth, and sixth counterclaims in the Answer are dismissed; and it is further

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs. DURAN, ERASMO ET AL
Motion No.  002**

**Page 8 of 9**

8 of 9

ORDERED and DECLARED that the attempt by 415 East 12th Street Housing Development Fund on August 23, 2023, to terminate the corporation shares and corresponding proprietary lease for apartment number 4 at 415 East 12th Street, held by Erasmo Duran, was ineffective and void and Erasmo Duran remains the sole owner of the shares in question; and it is further

ORDERED that the plaintiff file an answer to the remaining counterclaims pled in Defendants' Answer with Counterclaims within 20 days of the date of service of this Decision and Order with notice of entry.

20250620132346LFRANK2104D72CB9F84E9E8E327E7A29FD08F5

| __6/20/2025__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153014/2024   415 EAST 12TH STREET HOUSING DEVELOPMENT FUND CORPORATION vs.        Page 9 of 9
DURAN, ERASMO ET AL
Motion No.  002**