Jeffrey A. WALKER, Plaintiff–
Appellant,

v.

David JASTREMSKI, et al.,
Defendants–Appellees.

Docket No. 97–2721.

United States Court of Appeals,
Second Circuit.

Argued Oct. 2, 1998.

Decided Dec. 11, 2001.

Jeffrey A. Walker, pro se, White Deer, PA, for plaintiff-appellant.

Jerome A. Lacobelle, Jr., Deputy Corporation Counsel, City of West Haven, CT (Michael P. Farrell, Corporation Counsel, City of West Haven, on the brief) for defendants-appellees David Jastremski and Charles Buerer; Richard Blumenthal, Attorney General, and Jane B. Emons, Assistant Attorney General, State of Connecticut, of counsel, for defendant-appellee Frank Halloran.

Before CARDAMONE, CALABRESI, and STRAUB, Circuit Judges.

PER CURIAM.

Jeffrey A. Walker, *pro se* and *in forma pauperis*, appeals from the dismissal of his action brought under 42 U.S.C. § 1983 against David Jastremski, Charles Buerer, Frank Halloran, and Tjandra Tedja. Walker alleges that the defendants conspired to fabricate and distort the evidence that was used to bring a state criminal prosecution against him. The United States District Court for the District of Connecticut (Nevas, *J.*) granted summary judgment for the defendants, ruling that Walker's complaint was barred by the applicable statute of limitations. In a previous opinion, we affirmed the court's rejection of Walker's claim for equitable tolling due to fraudulent concealment. *Walker v. Jastremski*, 159 F.3d 117 (2d Cir.1998). Based upon an argument Walker first presented on appeal—whether the principles of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should apply to the circumstances of his case—we, however, vacated the order to close the case. Because deciding the case in light of Walker's *Houston* argument implicated facts that were not available in the record, we remanded the case to the district court for additional findings. Given these findings, we conclude that Walker's case properly presents a *Houston* issue and we remand the case to the district court for consideration of that question.

## BACKGROUND

Familiarity with the facts of the case as set forth in *Walker*, 159 F.3d at 118, is assumed. While incarcerated in a federal prison, Walker filed a state court motion for the production of his arrest warrant and other information regarding state criminal charges, which had been dismissed on April 16, 1991 for lack of sufficient evidence. In due course, Walker received the documents. Based upon his review of these documents and the information contained in them, he allegedly dis-

covered a violation of his civil rights. He subsequently filed this § 1983 action in the United States District Court for the District of Connecticut.

On August 1, 1997, a federal magistrate recommended that summary judgment be entered against Walker on the grounds that the statute of limitations had run. The district court adopted the magistrate's recommendation and dismissed Walker's suit.

On Walker's appeal, we found that "the district court's decision was correct when considered in light of the arguments advanced at that stage of the litigation." *Id.* at 118. But in his appeal, Walker also argued for the first time that the principles of *Houston* should apply to toll the statute of limitations during the lag between the time when a *pro se* prisoner delivers to prison officials a request for court documents needed to prepare a complaint and the time when the prisoner receives those documents. Because certain key facts were unavailable in the record before us, we were unable to determine whether the *Houston* question arose in Walker's case. That is, we could not tell whether applying *Houston* would make Walker's suit timely. We, therefore, remanded the case to the district court to make factual findings with respect to the dates when Walker requested his file from the state court and when he filed his § 1983 complaint.

■ On remand, the district court found: (1) that Walker delivered his motion for the production of records to prison officials on February 8, 1994; (2) that the motion reached the Milford Superior Court sometime in late April 1994; (3) that the court clerk mailed the documents to Walker on May 5, 1994; and (4) that Walker received copies of the requested information, including the arrest warrant, on May 9, 1994. We assume these findings are

correct. We find, however, that the district court erred in concluding that Walker filed his federal complaint on June 18, 1994. According to the evidence adduced by that court, Walker delivered his complaint to prison officials on June 8, 1994. Under the well-settled application of *Houston* to the filing of federal complaints, *see Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993), Walker's § 1983 action must be treated as filed on June 8, 1994.

## DISCUSSION

██ On the basis of these dates, we conclude that if *Houston* applies to the time lapse between Walker's request for collateral documents and his receipt of these papers, his § 1983 action would be timely. Applying *Houston* would have the effect of placing Walker, a *pro se* prisoner, in the same position as a nonincarcerated or counseled litigant who is able personally to travel to the courthouse, or to send a legal representative to do so, and hence to receive the requested documents forthwith. In this respect, we note that the parties have discussed the potential tolling period as the time between when Walker delivered the motion to the prison officials (February 8, 1994) and when he received the document (May 9, 1994). Included in this period, however, is the time during which the state court clerk processed Walker's request (sometime in "late April" 1994 until May 5, 1994). Presumably such processing time would apply equally to a nonprisoner who sought such documents. Accordingly, should the district court find *Houston* applicable, the court might also have to determine whether the relevant time period for a *Houston* tolling includes the court clerk's processing time or only the time during which Walker's request

traveled through the prison and postal service mail systems.

We assume, without deciding, that the relevant tolling period would be the latter. And we note that, even relying upon this shorter period of tolling, if *Houston* is applicable, then Walker's complaint would seemingly not be time-barred. Walker filed his federal complaint on June 8, 1994, 53 days after the original statute of limitations expired. He delivered his motion for the production of records to prison officials on February 8, 1994. Although the exact date on which the Milford Superior Court Clerk received the motion could not be determined on remand, the record shows that it was in "late April." According to the clerk's testimony, she generally attends to such motions within a maximum of three days, and she requested the arrest warrant from the Records Center on April 26, 1994. If the clerk's office received Walker's request on or after Saturday, April 2, 1994, Walker would be entitled to sufficient tolling under his *Houston* theory to make his action timely. This is so because the time between February 8, 1994 and April 2, 1994, by itself suffices to cover the 53 days by which Walker missed the limitation period.[1]

It is, however, an open question whether, with respect to requests for collateral documents, courts should apply *Houston,* or a different rule. Such a different rule would presumably consider a requestor's possible dilatory conduct along with the difficulties caused by the requestor's imprisonment in determining whether principles of equitable tolling applied.

Because Walker—litigating *pro se*—raised the *Houston* issue only on appeal,

---

1. Additionally, there is a question of whether, under Walker's argument, the period between the clerk's mailing of the documents on May 5, 1994 and Walker's receipt of them on May 9, 1994 should be tolled because of his inability to pick up the documents in person and hence his reliance upon the prison authorities to deliver his incoming mail in a timely manner.

the district court has not had an opportunity to consider whether *Houston* should govern, thereby placing Walker in the same position as a nonincarcerated plaintiff. It has also not considered—if *Houston* were not applied in full force—how principles of equitable toling should take into account *Houston*-like notions with respect to the difficulties of prison litigation.[2]

The issue of the applicability of *Houston* to requests for collateral documents is one of first impression in this Circuit, as is the question of how the fact of incarceration affects equitable tolling in the absence of a *Houston* rule. We believe that these issues are best considered in the first instance by the district court. Because the case for applying *Houston* seems likely to be of substance, *see Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986) (describing the standard for appointment of counsel), we urge the district court, with Walker's consent, to appoint experienced counsel to represent Walker.

The order to close this case having already been VACATED in our prior opinion, *Walker v. Jastremski*, 159 F.3d 117 (2d Cir.1998), the case is REMANDED for further proceedings consistent with this opinion and that earlier opinion.

---

**2.** If the district court finds that *Houston* governs, the court should also decide how the *Houston* principles apply to this case. In this respect, we note that the district court has made some findings as to Walker's dilatory conduct, but has not done so in the context of the application of *Houston's* principles. Thus, based upon testimony and evidence from Walker's trial attorney, the district court found that Walker had a copy of the arrest warrant prior to the dismissal of his criminal case in April 1991. Additionally, the court concluded that Walker had not properly directed his February 8, 1994 motion to the Milford Superior Court Clerk. (Walker presented new evidence to this Court in his reply papers, however, that he had forwarded his motion to the Milford Superior Court Clerk.) We do not express any opinion with respect to any of these findings and their relevance to *Houston*.