*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1906**

Steven A. Sugarman, et al.,
Appellants,

vs.

Muddy Waters Capital, LLC, et al.,
Respondents,

Jason Galanis,
Defendant,

Castalian Partners, LLC., et al.,
Respondents,

David Q. Mathews, et al.,
Respondents.

**Filed June 3, 2024**
**Affirmed**
**Connolly, Judge**

Hennepin County District Court
File No. 27-CV-21-11850

Heather L. Marx, Cozen O'Connor, Minneapolis, Minnesota; and

Jeremy E. Deutsch (pro hac vice),Cozen O'Connor, New York, New York (for appellants)

John M. Baker, Michelle K. Erickson, Greene Espel PLLP, Minneapolis, Minnesota (for respondents)

Ambika Kumar (pro hac vice), Davis Wright Tremaine LLP, Seattle, Washington (for respondents Muddy Waters Capital, LLC, et al.)

David F. Standa, pro hac vice, Greenspoon Marder LLP, Chicago, Illinois (for respondents Castalian Partners, LLC, et al.)

Evangeline A.Z. Burbridge, pro hac vice, Lewis & Llewellyn LLP, San Francisco, California (for respondents David Q. Mathews et al.)

Considered and decided by Connolly, Presiding Judge; Gaitas, Judge; and Larson, Judge.

## NONPRECEDENTIAL OPINION

**CONNOLLY**, Judge

In this appeal following our remand to the district court, appellants challenge the forum-non-conveniens (FNC) dismissal of their claims, arguing that the district court misapplied the FNC doctrine and failed to safeguard appellants' procedural rights when it dismissed the case. Because we see no abuse of discretion in the district court's compliance with the instructions on remand, we affirm.

## FACTS

Appellants in this matter are Steven Sugarman, a California businessman, and two Delaware companies headquartered and registered in California, of which Sugarman was a managing member. Respondents are Jason Galanis[1], incarcerated in California; James Gibson, formerly a Minnesota resident and executive officer of a Delaware limited partnership with its principal place of business formerly in Minnesota and of a former Minnesota limited liability corporation with its principal place of business formerly in Minnesota; Carson Block, a California resident and the founder of four "Muddy Waters" entities, which are also respondents; David Mathews, a Texas resident, and a limited liability corporation with its principal place of business in Texas.

---

[1] Jason Galanis was a defendant but is not a respondent.

2

In September 2021, when Gibson was still a resident of Minnesota and the two entities of which he was an executive officer had their principal places of business in Minnesota, appellants brought this action against respondents in Hennepin County, Minnesota, for defamation, civil conspiracy to defame, aiding and abetting defamation, and violation of the Minnesota Unfair and Deceptive Trade Practices Act. Respondents moved to dismiss on FNC grounds and, inter alia, on grounds of untimeliness under the Minnesota and California anti-SLAPP statutes. In 2022, the district court granted respondents' FNC motion to dismiss, conditioned on the availability of an alternative forum in California. Appellants challenged the dismissal.

In *Sugarman v. Muddy Waters Capital*, No. A22-0659, 2022 WL 16910577, at *6 (Minn. App. Nov. 14, 2022), we reversed the FNC dismissal and remanded for the district court to address the adequacy prong of the FNC analysis and to apply the proper presumption in weighing the public-and-private interest factors, noting that, if the district court again dismissed on FNC grounds, "it must do so on the condition that California is an available alternative forum after addressing the applicable statutes of limitations in California and Minnesota, as well as both states' anti-SLAPP laws."

In 2023, following briefing and a hearing on these issues, the district court again dismissed appellants' claims on FNC grounds, with the condition that respondents "agree to waive defenses based on personal jurisdiction, process, and statutes of limitations which did not exist in Minnesota as of September 29, 2021." Appellants again challenge the FNC dismissal, arguing that the district court abused its discretion in determining that California

3

was an adequate alternative forum and in deciding that, even though appellants had a strong presumption in favor of their chosen forum, other factors rebutted the presumption.[2]

## DECISION

A district court has broad discretion, on remand, to take any action "not inconsistent with the remand instructions," and its compliance with those instructions is reviewed under a "deferential abuse-of-discretion standard." *Janssen v. Best & Flanagan LLP*, 704 N.W.2d 759, 763 (Minn. 2005).

> The doctrine of [FNC] allows a district court with jurisdiction over the subject matter and the parties discretion to decline jurisdiction over a cause of action when another forum would be more convenient for the parties, the witnesses, and the court. A[n FNC] determination is committed to the sound discretion of the [district] court, to which substantial deference is given. We will not reverse a[n FNC] dismissal by the district court unless there has been an abuse of discretion. A district court abuses its discretion in the context of [FNC] when the court makes an erroneous legal conclusion or a clearly erroneous factual conclusion.

*Paulownia Plantations de Panama Corp. v. Rajamannan*, 793 N.W.2d 128, 133 (Minn. 2009) (quotations and citations omitted).

---

[2] At oral argument, there was discussion as to whether the district court had correctly described the California anti-SLAPP statute as substantive or procedural. In Minnesota, "dismissal based on [FNC] must be conditioned on the preservation of the benefits of those laws as were applicable in Minnesota" at the time the case was filed because "[p]rocedural rights of a party should not yield to convenience." *Kennecott Holdings Corp. v. Lib. Mut. Ins. Co*., 578 N.W.2d 358, 361-62 (Minn. 1998). We interpret the district court's order as complying with this point of law and trust that a California court can determine whether a California statute sets forth substantive or procedural law.

## I.    California as an Adequate Alternative Forum

In the FNC context, "'[a]dequacy' encompasses whether the party has an effective remedy in the alternative forum." *Id.* at 134. The inadequacy of an alternative forum is a "rare circumstance." *Id.* at 137.  On remand, the district court was instructed that, if it again dismissed the case on FNC grounds, it must first address the statutes of limitations and the anti-SLAPP laws of both Minnesota and California.  *Sugarman*, 2022 WL 16910577, at *6.

### A.  Statute of Limitations

The parties agree that the relevant statute of limitations in California is one year, while the relevant statute of limitations in Minnesota is two years.  Appellants argue that they are entitled to reversal of the dismissal of their claims because California's statute of limitations bars appellants' claims, thus depriving appellants of an "effective remedy," and because the district court did not adequately address the statutes of limitations in its order. *See id.* (instructing the district court to address the statutes of limitations on remand).

The district court conditioned the dismissal on respondents' agreement "to waive defenses based on . . . statutes of limitation which did not exist in Minnesota as of September 29, 2021," when appellants filed their case. *See Kennecott Holdings Corp.*, 561 N.W.2d at 192 (holding that "[t]he parties should be in the same position in the alternative forum as they were in the original forum" and modifying the condition to read "defendants agree to waive defenses based on . . . statutes of limitation which did not exist in Minnesota as of November 17, 1995"), *aff'd*, 578 N.W.2d 358 (Minn. 1998).  Respondents argue that, contrary to appellants' assertion that respondents "acknowledge that appellants' claims are

5

timely under Minnesota law," the statute of limitations bars appellants' claims regardless of whether California or Minnesota law applies, and therefore the district court's failure to discuss the two statutes in more detail is "immaterial."

If appellants will face an untimeliness argument in either Minnesota or California and respondents have waived the right to rely on any statute of limitations that did not exist in Minnesota when appellants filed their case, the district court's decision that California was an adequate transfer forum was not an abuse of discretion.

## B. The Anti-SLAPP Statutes

The district court noted that appellants wanted the dismissal to "be further conditioned on not allowing [respondents] to invoke California's Anti-SLAPP protections" but declined to impose this condition.

The Minnesota Supreme Court declared Minnesota's anti-SLAPP statute to be in part unconstitutional in *Leiendecker v. Asian Women United of Minn.*, 895 N.W.2d 623, 630-38 (Minn. 2017), stating:

> A party moving to dismiss a claim based on the anti-SLAPP law must make a threshold showing that the underlying claim materially relates to an act of the moving party that involves public participation. After the moving party makes this threshold showing, the burden shifts to the responding party. Clauses 2 and 3 of Minnesota Statutes § 554.02, subdivision 2, explain the responding party's burden:
> (2) the responding party has the burden of proof, of going forward with the evidence, and of persuasion on the motion;
> (3) the court shall grant the motion and dismiss the judicial claim unless the court finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability under section 554.03 [i.e., are lawful conduct or speech that is genuinely

6

aimed in whole or in part at procuring favorable government action].

. . . .

Clauses 2 and 3 violate the responding party's right to a jury trial in two ways as applied to actions at law alleging torts. First, they transfer the jury's fact-finding role to the district court. Second, they require the responding party to meet a higher burden of proof before trial (clear and convincing evidence) that it would have to meet at trial (preponderance of the evidence).

. . . .

[C]lauses 2 and 3 of section 554.02, subdivision 2, are unconstitutional as applied to claims at law alleging torts . . . .

(Quotations, citations, and footnotes omitted.)

In contrast, California case law states that its anti-SLAPP statute "does not impair the right to a trial by jury because the trial court does not weigh the evidence in ruling on the motion [to dismiss], but merely determines whether a prima facie showing has been made which would warrant the claim going forward" and "is analogous to other statutes requiring the plaintiff to make a threshold showing, which are aimed at eliminating meritless litigation at an early stage." *Moore v. Shaw*, 116 Cal. App. 4th 182, 10 Cal. Rptr. 3d 154, 161-62 (2004).

The district court cited and quoted both *Leiendecker* and *Moore* and concluded that

[s]ince California's anti-SLAPP statute does not have the same constitutional infirmities as Minnesota's anti-SLAPP statute, the potential applicability of California's anti-SLAPP statute does not deprive [appellants] of an effective remedy or render California an inadequate forum. This case does not present the "rare circumstance" where the alternative forum is somehow inadequate.

7

Given our deferential standard of review and our limited instruction that the district court evaluate the anti-SLAPP law on remand, we do not see an abuse of discretion in the district court's determination that California was an adequate alternative forum.

## II.      Appellants' Choice of Forum

Generally, there is "a strong presumption . . . in favor of the plaintiff's choice of forum." *Paulownia*, 793 N.W.2d at 137.  This court determined that the "district court failed to afford appellants the strong presumption in favor of their chosen forum" and erred in stating that "the strong presumption in favor of appellants' choice of forum applies with less force here." *Sugarman*, 2022 WL 16910577, at *4-6.  On remand, the district court was directed "to apply the proper presumption when considering whether that presumption was rebutted by the public-and-private interest factors." *Id.* at *6.[3]

The district court first quotes *Reed v. Univ. of N. Dakota*, 543 N.W.2d 106, 109 (Minn. App. 1996) ("Forum shopping is not encouraged in Minnesota because it frustrates the maintenance of interstate order."), *rev. denied* (Minn. Mar. 28, 1996), to support its

---

[3] Private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of the premises, if view would be appropriate to the action; and (4) any other practical problems that make trial of a case easy, expeditions, and inexpensive. *Paulownia*, 793 N.W.2d at 137.  Public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

view that Minnesota's "policy disfavoring forum shopping cannot be reconciled with a full-fledged presumption in favor of [appellants'] choice of forum."  We agree.

As respondents point out, numerous courts have held that deference to a plaintiff's choice of forum is "negated by impermissible forum shopping."  *Hartford Fire Ins. Co. v. Retail Mgmt. Sols., LLC*, No. 13-723 ADM/FLN, 2014 WL 4722366, at *3 (D. Minn. Sept. 22, 2014) (refusing to defer to plaintiff's choice to sue in Minnesota, rather than await suit in Washington, to avoid Washington treble damages); *see also Iragorri v. United Techs. Corp.*, 274 F.3d 654, 72-73 (2d Cir. 2001) ("[D]iminishing deference [is due] to a plaintiff's forum choice to the extent that it was motivated by tactical advantage."); *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1041 (N.D. Cal. 2020) ("A plaintiff's choice of forum receives only minimal deference if the operative facts did not occur within the forum and the forum has no interest in the parties or subject matter."); *Gonzales v. Charter Commc'ns*, *LLC*, No. 20-CV-02689-EMC, 2020 WL 5074024, at *2 (N.D. Cal. Aug. 24, 2020) ("[W]here plaintiffs have engaged in forum shopping or chosen a forum with no connection to the underlying dispute, the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer." (quotations omitted)); *Merrick Bank Corp. v. Savvis, Inc*., No. 4:08CV00675 ERW, 2008 WL 5146545, at *5 (E.D. Mo. Dec. 8, 2008) ("[A]ny remaining deference is negated by evidence that [p]laintiff's choice of forum was apparently based on impermissible forum shopping.").

Appellants are not citizens of Minnesota, the witnesses do not appear to be in Minnesota, and appellants would seem to be pursuing this action in Minnesota only

because they see it as a more legally advantageous venue. The district court applied the proper presumption in favor of appellants and determined that it was rebutted.

**Affirmed.**